## 25176.   HAUGABROOK v. TAYLOR.

DUCKWORTH, Chief Justice.   This is an action for trespass and nuisance, seeking general, special and punitive damages arising out of the construction of a building by the defendant on the petitioner's property and depriving him of its use.   He also asked for injunctive relief to abate the nuisance.   The defendant answered denying the trespass as malicious, filed a third-party complaint against the grantor in the deeds to both the plaintiff and the defendant, and asked for cancellation of the plaintiff's deed and a deed to the property alleging she purchased the property and went into possession of it after it was pointed out to her by the grantor. The evidence showed that Lot 51 of a certain subdivision was deeded to her although Lot 50 was pointed out to her as her property and she started construction of the dwelling on Lot 50.   Thereafter, the third-party defendant deeded Lot 50 to the plaintiff.   After hearing evidence, the court directed the

verdict against the plaintiff and in favor of the defendant, requiring the plaintiff to deed Lot 50 to the defendant upon the payment of $600 and the third-party defendant to deed another lot to the plaintiff if he desired to purchase it for $600. A motion for new trial, containing only general grounds was filed, heard and overruled, and the appeal is to this judgment. However, the enumeration of error complains only that the court erred in directing the verdict in that "the question of whether punitive damages should have been awarded was a question to be decided by the jury." *Held:*

It appears that in the verdict directed certain equitable relief was granted against the appellant and the third-party defendant, and all relief sought by the appellant was denied. Since no general, special or nominal damages were awarded, and the only error enumerated is on the failure to allow the question of punitive damages to be decided by a jury, the failure to award any damages and the equitable features of the verdict giving the defendant title to the property prevent any additional damages as a claim for punitive damages will not lie when no other damages are recovered. See *Code* § 105-2002; *Foster v. Sikes*, 202 Ga. 122 (42 SE2d 441); *Stewart v. Western Union*, 83 Ga. App. 532 (64 SE2d 327); *Beverly v. Observer Pub. Co.*, 88 Ga. App. 490 (77 SE2d 80). The error enumerated is not meritorious.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 12, 1969—DECIDED MAY 22, 1969.

*C. B. King*, for appellant.
*John R. Rogers, James W. Hurt*, for appellee.