## 52778. DELTA AIR LINES, INC. v. ISAACS.

SMITH, Judge.

Phillip Isaacs traveled from Atlanta to New York City via a Delta Air Lines flight on October 3, 1974. Mr. Isaacs testified that he checked three pieces of baggage with Delta in Atlanta and received three baggage claim stubs therefor; that on arrival in New York he was able to locate only two pieces of his baggage in return for which he yielded the appropriate two claim stubs; and that he has never received the third piece, a suit bag which he claimed to contain three suits, an overcoat, and other clothing, worth $750 in sum. He produced the third baggage claim stub at trial.

After prolonged attempts to recover his loss from Delta, and after Delta's refusal to accept responsibility for the loss, Mr. Isaacs brought suit to recover the $750 and, in addition, exemplary damages and attorney fees based upon Delta's alleged wilful and unwarranted obstinance in dealing with his requests for reimbursement. After the close of the evidence the trial judge granted the plaintiff's motion for a directed verdict on the limited issue of the defendant's liability for loss of the bag, and after instructions the jury returned a verdict awarding the plaintiff $500 actual and $750 exemplary damages and $500 attorney fees. From an order overruling its motion for a new trial and alternate motion for a judgment notwithstanding the verdict, Delta appeals. *Held:*

1. The trial court's grant of a directed verdict as to the defendant's liability was not error. The delivery of baggage to Delta for transport created a bailment under Code § 12-101. In a bailment claim there are two stages of proof: the plaintiff's proof of loss and the defendant's proof of care exercised to prevent the loss. "In all cases of bailment after proof of loss, the burden is on the bailee to show proper diligence." Code § 12-104. The trial transcript reveals no evidence whatsoever with regard to the defendant's diligence or lack thereof in handling the plaintiff's baggage. Instead, the defendant's evidence dealt exclusively with the diligence used by the airline industry in general and Delta in particular to recover baggage *after* it is reported lost. There being no evidence

to show "proper diligence" on Delta's part, the sole issue on a motion for directed verdict became whether there was a question of fact as to whether the plaintiff had incurred a loss. Mr. Isaacs testified that he had not received his suitbag and he presented the claim stub. He supplied Delta with an itemization of the contents. A Delta representative admitted that a passenger might have nothing more than a claim stub to verify a loss. Against this evidence, Delta offered testimony that passengers sometimes claim their bags without having to yield the claim stubs; that Delta is generally able to locate missing baggage but was not able to locate this bag; and that Mr. Isaacs' verification of the value of the bag's contents aroused suspicion.

The question thus presented is whether Delta's circumstantial evidence is sufficient to raise as an issue of fact its hypothesis that Mr. Isaacs did not really lose his bag. We think the answer is found in a line of insurance claim cases which have dealt with the quantum of circumstantial evidence required to raise an issue of fact for presentation to the jury. Those cases have held that there must be more than a mere scintilla of circumstances to carry the case to the jury, and it is the trial court's function to determine the threshold question of whether the presented circumstances reasonably establish a given theory and thus create an issue of fact. See *McCarty v. Nat. Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408); *Old Colony Ins. Co. v. Dressel,* 220 Ga. 354 (138 SE2d 886); *Lewis v. American Road Ins. Co.,* 119 Ga. App. 507 (167 SE2d 729). In granting a directed verdict on the question of Delta's liability, the trial court made a judgment that there were insufficient circumstances to establish the defendant's theory that the bag was not lost. We find no evidence which makes that decision erroneous.

2. It was not error for the trial court to refuse to charge that a tariff filed with the Civil Aeronautics Board limits the defendant's total liability to $500. The tariff, asserted by Delta as an affirmative defense, is Local and Joint Passenger Rules Tariff No. PR-6. Section 370 (A) uses the following language to limit Delta's liability in a lost baggage claim: "The liability, if any, of [Delta] for the loss of, damage to, or delay in delivery of any personal

property, including baggage, shall be limited to an amount equal to the value of such property, which shall not exceed [$500]."

The appellant contends that the tariff "prohibits any and all claims for damages other than those for the actual value of the articles lost" and thus prohibits Mr. Isaacs' claim for exemplary damages and attorney fees. In support of its contentions, appellant cites Mao v. Eastern Air Lines, Inc., 310 FSupp. 844 (S.D.N.Y. 1970); Blair v. Delta Air Lines, Inc., 344 FSupp. 360 (S.D. Fla. 1972); and Tishman & Lipp, Inc. v. Delta Air Lines, 275 FSupp. 471 (S.D.N.Y. 1967). We have reviewed these cases and conclude that they do limit the recovery for loss of baggage in this case to $500, and they do preclude the recovery of incidental or consequential or exemplary damages resulting from the loss of baggage. But the plaintiff's prayer for exemplary damages and attorney fees in this case is not founded upon the airline's loss of his baggage; it is founded upon the airline's conduct toward him after the loss as he pursued his claim. We do not read the tariff or the cases construing this or similar tariffs as limiting the airline's liability resulting from its conduct independent from losing the baggage. The trial court charged that the tariff limited the liability for loss of baggage to $500, and in so charging it was correct.

3. The trial court properly presented to the jury the question of attorney fees. Code § 20-1404 allows a plaintiff to recover attorney fees where "the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." A party may resist settlement of a claim without fear of future liability for attorney fees if the resistance is predicated upon a "bona fide controversy." *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522 (191 SE2d 317). However, where a defendant has disclaimed *all* liability prior to litigation, the raising at trial of a dispute as to the amount of liability, without more, will not satisfy the bona fide controversy requirement. *Beaudry Ford, Inc. v. Bonds,* 139 Ga. App. 230 (228 SE2d 208). In a letter to Mr. Isaacs' attorney, Delta stated on April 1, 1975, that it had determined the airline had no liability to Mr. Isaacs. Then, at trial, Delta presented only vague circumstantial

evidence in an attempt to suggest that Mr. Isaacs' claim was fraudulent, either as to the fact of loss or as to the amount of loss. The trial court concluded that there was insufficient evidence to create a jury question as to the fact of loss although the evidence did create a question about the value of the loss. Throughout the trial, Delta insisted that the loss could not exceed $500 because of the tariff. We believe that this evidence adds up much like the evidence in *Beaudry Ford, Inc. v. Bonds,* supra, where this court held that there was sufficient evidence to submit the question of attorney fees to the jury and that award, being supported by the evidence, will not be disturbed.

4. Under our view of the scope of the tariff filed with the Civil Aeronautics Board, the plaintiff cannot recover exemplary damages for the loss of his baggage. Even if the tariff were not a bar, an exemplary damage award based upon the baggage loss would be improper in this case because the plaintiff has not proved any "aggravating circumstances, either in the act or the intention" of losing the baggage. Code § 105-2002. The only evidence adduced at trial tending to prove "aggravating circumstances," which has been defined as "wilful misconduct, malice, fraud, wantonness, or oppression" (*Moon v. Ga. Power Co.,* 127 Ga. App. 524, 527 (194 SE2d 348)), involved Delta's conduct in refusing to settle Mr. Isaacs' claim. An exemplary damage award based upon this refusal rather than the baggage loss would not be precluded by the tariff, but it would nevertheless be improper unless general damages had also been awarded for that refusal, for exemplary damages are "additional damages" (Code § 105-2002) and a claim for them will not lie when general damages are not recovered. *Haugabrook v. Taylor,* 225 Ga. 317 (168 SE2d 162). In this case, the only general damage award was for the baggage loss; general damages for Delta's refusal to settle were neither requested nor awarded. Thus, the judgment awarding exemplary damages cannot stand upon the lost baggage award, and there is no other general damage award upon which it could stand; therefore, under our law, it shall not stand at all.

*Judgment affirmed in part and reversed as to the award of exemplary damages. Deen, P. J., and Webb, J.,*

*concur.*

ARGUED OCTOBER 4, 1976 — DECIDED JANUARY 10, 1977 — REHEARINGS DENIED FEBRUARY 8, 1977 —

*Powell, Goldstein, Frazer & Murphy, Daryll Love, James C. Rawls,* for appellant.

*Dennis, Corry, Webb, Carlock & Williams, Robert C. Semler, Thomas Carlock,* for appellees.