57704. SNIPES v. LEASEWAY OF GEORGIA, INC.

McMurray, Presiding Judge.

This is a dog bite case. Plaintiff was injured by defendant's security dog when he went to defendant's place of business to borrow a tool.

The jury returned a verdict in favor of defendant. Plaintiff appeals, contending the trial court erred in charging on the status of licensee and failing to charge on punitive damages. *Held:*

1. The record shows that plaintiff failed to object to the trial court's charge on the status of a licensee prior to return of verdict by the jury pursuant to Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498;

1968, pp. 1072, 1078). This enumeration cannot be considered due to plaintiff's failure to make timely objections to the charge at trial. *Atlanta Commercial Builders, Inc. v. Polinsky,* 148 Ga. App. 181, 184 (5) (250 SE2d 781).

2. Prior to counsels' arguments to the jury, the trial court discussed the requests to charge with counsel and informed counsel of its proposed action upon the requests dealing with several issues. Arguments were made to the jury and court was recessed until the following day. At that time a colloquy occurred between the trial court and counsel. Defendant moved to exclude from the consideration of the jury any issue as to punitive damages. Acting affirmatively on this motion the trial court omitted from its charge to the jury, the issue of punitive damages which it had earlier planned to give in charge to the jury.

Plaintiff objected to the omission of the punitive damages issue from the charge after counsel had made their arguments to the jury, but did not request to reargue his case to the jury. See in this regard *Daniels v. State,* 137 Ga. App. 371, 373 (4) (224 SE2d 60). Plaintiff relies upon *Evans v. State,* 146 Ga. App. 480, 482 (246 SE2d 482), in which this court, due to a lack of substantial compliance with the provisions of Code Ann. § 70-207 (b) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078), refused to apply the rule adopted in *Daniels v. State,* 137 Ga. App. 371, 374 (4), supra. Neither case is directly on point, however, as there was no request to charge on punitive damages submitted to the trial court. Thus, the situation presented in this case is not within the purview of Code Ann. § 70-207 (b), which provides for informing counsel of the intentions of the trial court as to written requests to charge insofar as the specific issues requested.

We find no direct statement by the trial court prior to counsel's argument to the jury indicating the trial court's decision as to whether or not he intended to charge on punitive damages. If counsel has been told nothing he could not have been misled. If there was within the colloquy, between trial court and counsel prior to argument, some gratuitous indication that the trial court intended to charge on the issue of punitive damages, we

see no reason that the rule as set forth in *Daniels v. State,* 137 Ga. App. 371, 374, supra, should not apply. The importance of the consideration that the trial court should be free up to the time of charging the jury to correct errors in the proposed charge is equally applicable to that situation where the trial court has given an indication of its intent.

But in all events, the verdict was for the defendant, hence punitive damages would not lie when no other damages are recovered. *Haugabrook v. Taylor,* 225 Ga. 317, 318 (168 SE2d 162); *Dan Austin Enterprises, Inc. v. Gray,* 230 Ga. 583 (198 SE2d 294); *Delta Airlines, Inc. v. Isaacs,* 141 Ga. App. 209, 212 (233 SE2d 212); *Cleary v. Southern Motors of Savannah, Inc.,* 142 Ga. App. 163, 164 (235 SE2d 623).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 11, 1979 — DECIDED MAY 29, 1979.

*Scott Walters, Jr.,* for appellant.
*Brackett, Arnall & Stephens, H. A. Stephens, Jr., C. F. Brackett, Jr.,* for appellee.