## 58816. FOUR OAKS HOMES, INC. v. SMITH et al.

CARLEY, Judge.

In February, 1977, appellant and appellee entered into a contract which obligated appellant to sell appellee a particular lot in a subdivision and to build a house thereon according to specified plans. At appellee's request, the contract was made contingent on appellee securing a buyer for the house he then owned. Appellee placed his house with a real estate agent for sale and made preparations for securing a construction loan. However, before appellee's house was sold or the loan finalized, appellant notified appellee that the lot had been sold to another and appellee's contract had been rescinded. Appellee subsequently sold his home and had another constructed. He then sued appellant, the actual owner of the land appellant was to have sold to appellee, and the purchaser of the lot, alleging breach of the sales contract, a conspiracy to procure such a breach, and an action for fraud and deceit. Trial of the case resulted in a verdict

against appellant on the fraud and deceit claim, but for appellant on all other claims and for the other defendants on all claims. This appeal is from the judgment based on the jury verdict.

1. Throughout the course of this litigation, appellant has contended that its contract with appellee was unenforceable because the clause making the contract contingent on appellee securing a buyer for his house destroyed the mutuality of the contract. See *Wehunt v. Pritchett,* 208 Ga. 441 (67 SE2d 233) (1951). Whether that is so as a matter of law is now moot: The jury returned a special verdict finding the contract invalid and finding that appellant had not breached a contract with appellee. There has been no cross appeal as to that issue.

Now, appellant contends that the verdict finding the contract invalid and the verdict finding for appellee on the fraud and deceit claim are inconsistent and void. To determine whether that is so, it is necessary to look to the pleadings and proof.

The damages alleged in appellee's amended complaint were that ". . . he lost the benefit of the bargain for the purchase of the above-referenced property, was ultimately forced to purchase a house in excess of the contract which is the subject matter of this litigation, and has suffered other injuries as a direct result of Defendants' breach . . ." In his brief on this appeal, appellee alleges that, but for the conduct of appellant, he could have closed the loan on the new house before the sale of the lot to the other buyer and that, if appellant had not concealed the fact of the other sale until after the deed was filed, appellee could have had the other sale enjoined.

Those damages are all clearly attributable to the invalidity of the contract between appellee and appellant: If the contract were good, appellee would not have lost the benefit of his bargain, would not have had to purchase a more expensive house, could have closed the loan, and could have prevented the other sale. Therefore, the essence of appellee's claim is that appellant defrauded him of his rights under the contract.

However, the jury's verdict for appellant on the contract claim conclusively establishes that appellee had no rights under the contract. That being so, the verdict

finding that appellee was defrauded of his rights under the contract contradicts the verdict finding that appellee had no rights under the contract. "A verdict that is contradictory and repugnant is void, and no valid judgment can be entered thereon. A judgment entered on such a verdict will be set aside. [Cit.]" *Fleming v. Collins,* 190 Ga. 210, 214 (9 SE2d 157) (1940). The judgment for appellee based on the jury's verdict in his favor on the fraud and deceit claim must be reversed.

2. Having reversed the judgment on the grounds set out above, it is not necessary to address the other reasons which appellant asserts as grounds for reversing the judgment.

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

ARGUED NOVEMBER 5, 1979 — DECIDED JANUARY 23, 1980 — REHEARING DENIED FEBRUARY 7, 1980 — 

*Robert Strickland, Jr.,* for appellant.

*Robert E. Martin, Eugene Novy, Lawrence J. McEvoy, Jr., Charles T. Harrison, III,* for appellees.