## 61245. MAYFIELD v. IDEAL ENTERPRISES, INC.

DEEN, Presiding Judge.

This appeal presents only the question of whether, under the pleadings and evidence, the defendant was entitled to punitive damages and attorney fees on his counterclaim.

The appellee, a contracting firm, agreed with Mayfield to reroof his residence for $3,032.63, $1,500 of which was paid in advance. Shingles were delivered to the premises and piled in the driveway with the consent of the defendant's wife. A storm arose between the time old shingles were removed from the roof and new ones installed: water entered the attic and seeped into the back bedrooms, causing damages estimated by the defendant at $360. Water coursing down the driveway and blocked by the piles of shingles also entered the basement and caused damage to the rug and two sofas in an unspecified amount. The plaintiff's witness claimed that four extra squares of shingles were delivered to the premises and later removed; defendant claimed that no extra squares were delivered, that those remaining belonged to him, and that their recovery by the plaintiff constituted a trespass for which he was entitled to general and punitive damages and attorney fees. The defendant admitted the unpaid balance on the contract price.

The jury returned an itemized verdict of $1,416.25 owing by the defendant to the plaintiff as the contract balance, and the defendant on his counterclaim was awarded $300 for water damage, $500 attorney fees and $2,500 punitive damages. The two latter items were stricken by the court and the defendant appeals.

1. "For a trespasser to be liable for punitive damages, he must act in bad faith. *McConnell Brothers v. Slappy,* 134 Ga. 95 (67 SE 440) (1909)." *Guest v. Riddle,* 237 Ga. 535, 537 (228 SE2d 910) (1976). One who enters another's land, although a trespasser, is not liable for punitive damages where the acts are done in good faith and nothing indicates an intention to wantonly disregard the rights of the true owner. *Ga. R. &c. Co. v. Gardner,* 115 Ga. 954 (1) (42 SE 250) (1902). There appears to have been a bona fide dispute between the parties here as to whether the four remaining squares of shingles had been paid for by the defendant so as to be properly deducted from the contract price; however, both parties speculate, and we tend to agree with them, that since the deduction from the remainder of the contract price equalled the difference between the amount sued for and the value of the shingles the jury reduced the amount owing to this extent. This solution was in fact suggested by the defendant's wife who testified: "I thought that when there was a decision reached [on completion of the work] that they [the shingles] would be

removed and we would receive a revised bill, they would be removed." The shingles had remained out in the weather after work ended for a period of approximately four months, and were then reclaimed by the plaintiff. The jury's verdict was an adjudication that the defendant did in fact owe substantially the whole of the balance of the contract price and that the amounts to which the defendant was entitled for water damage and for (presumably) unused shingles retrieved by the plaintiff was substantially less than the amount which he owed for the work done. That punitive damages cannot be recovered in cases arising on contracts, see Code § 20-1405.

Under these circumstances we agree with the trial judge that the award of punitive damages was not supported by the evidence. The defendant's counterclaim added by amendment sought punitive damages and attorney fees "for the illegal taking of property and for trespass to the defendant's property." Contrary to appellant's contentions, the verdict clearly showed that the jury credited the value of the shingles to the plaintiff, deducting it from the contract price, and thus impliedly found against any trespass or conversion resulting in damages to the defendant. Therefore the counterclaim for shingles also fails as a tort action.

There remains the $300 award of water damages, but the defendant is estopped to contend that these are general damages upon which punitive damages may be based, since the defendant, by brief of counsel, represented to the trial judge: "The defendant agrees with the plaintiff that the $300.00 that was awarded to the defendant in general damages bears no relation to the $2,500 punitive damage award." Even though aggravating circumstances may exist, "it would nevertheless be improper [to award punitive damages] unless general damages had also been awarded . . . for exemplary damages are 'additional damages' (Code § 105-2002) and a claim for them will not lie when general damages are not recovered. *Haugabrook v. Taylor,* 225 Ga. 317 (168 SE2d 162)." *Delta Air Lines v. Isaacs,* 141 Ga. App. 209, 212 (233 SE2d 212) (1977). The *Isaacs* case continues to the effect that where the punitive damage award cannot stand upon the damages granted, and there is no other general damage award on which it could stand, it must be stricken. The trial court here, accordingly, properly amended his judgment by striking therefrom the $2,500 punitive damages. See *Kimble v. Kimble,* 240 Ga. 100 (239 SE2d 676) (1977).

2. Attorney fees are recoverable under certain circumstances by a defendant in a counterclaim. *Ballenger Corp. v. Dresco Mechanical Contractors,* 156 Ga. App. 425 (1980). But, as there stated, they cannot be recovered merely because the plaintiff litigiously filed the suit which is being defended. They are also recoverable for bad faith,

and when the defendant has been caused unnecessary trouble and expense, but bad faith relates to a time prior to the instigation of the suit. *Traders Ins. Co. v. Mann,* 118 Ga. 381, 385 (45 SE 426) (1903). "Mere refusal to pay without suit is not sufficient to award attorney fees." *General Refractories Co. v. Rogers,* 240 Ga. 228 (2), 235 (239 SE2d 795) (1977). The counterclaim prayed only for attorney fees "for the illegal taking of the property" and, as we have demonstrated, the repossession of the squares of shingles was handled by the jury not as a separate tort but as a credit against the amount due on the contract. Accordingly, the trial court also was correct in omitting any sum for attorney fees from the judgment awarded.

3. The verdict was not ambiguous.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 29, 1981.

*Paul R. Koehler,* for appellant.
*Wallace C. Clayton,* for appellee.