### 61387. WADE et al. v. CULPEPPER.

BIRDSONG, Judge.

Calvin Culpepper, plaintiff-appellee, is a cabinet maker who was employed to build cabinets in the home of Gerald L. Winkler, co-defendant, for a price of $3,830. The general contractor was discharged by Winkler. Winkler took additional bids and had his cabinets built by Chris Johnson who did work for Warner Wade, co-defendant-appellant. The project was completed by employees who normally worked for Warner Wade and Wade Construction Co. The appellee filed suit as follows: Count 1 — Against Winkler for $1,557.50; Count 2 — Against Wade and Wade Construction Co. for tortious interference with plaintiff's contract; Counts 3 and 4 — Against Winkler, Wade, and Wade Construction Co. for bad faith; Count 5 — Against Winkler, Wade and Wade Construction Co. for punitive damages based on aggravating circumstances.

The jury returned a verdict in the following form: "We the jury find for the plaintiff in the amount of $1,557.50 for contract damages to be paid by Gerald Winkler, defendant.

"We the jury find for the plaintiff punitive damages in the amount of $28,000.00 to be paid by defendants Warner Wade and Wade Construction Company.

"We the jury find for the plaintiff, attorney fees in the amount of $2,700.00 to be divided evenly among defendants Gerald Winkler, Warner Wade, Wade Construction Company."

The court denied all motions and construed the verdict into a judgment as follows: "(1) That plaintiff have and recover from defendants Winkler, Wade and Wade Construction Co., Inc. jointly and severally, the sum of $1,557.50 as contract damages;

"(2) That plaintiff have and recover from defendants Wade and Wade Construction Co., Inc. the sum of $28,000.00 punitive damages;

"(3) That plaintiff have and recover from defendants Winkler, Wade, and Wade Construction Co., Inc. attorney fees and expenses of

litigation in the sum of $2,700.00 to be divided evenly among the three said defendants;

"(4) That plaintiff have and recover interest on the aforesaid amounts at the legal rate from the date of this judgment;

"(5) That all costs be taxed against defendants."

Warner Wade and Wade Construction Co. appeal the judgment and the trial court's denial of the motions for judgment notwithstanding the verdict and for new trial filed by defendants-appellants. *Held:*

The appellants first allege that the trial court erred in entering judgment on the jury's verdict because that verdict was illegal as a matter of law.

Plaintiffs' prayer for relief was "that plaintiff have and recover of defendants:

"(a) Actual damages in the amount of $2,282.00; and

"(b) Punitive damages in the amount of $22,000.00; and

"(c) Attorney fees in the amount of $9,300.00."

Count 1, seeking actual damages, is cast in terms of breach of contract. The jury found contract damages and specified they be paid by a defendant other than appellants. Although alleged against the appellants in Count 2, there is no verdict that the appellants had a contract with the appellee. If the jury had found against the defendants or one of the defendants the verdict could be conformed to hold as to all defendants (*Richardson v. Lumpkin,* 146 Ga. 15 (90 SE 379); *Thomas v. Clarkson,* 125 Ga. 72 (54 SE 77); *Monk-Sloan Supply Co. v. Quitman Oil Co.,* 10 Ga. App. 390 (73 SE 522)). In the case before us, the jury specifically stated that the award was to be paid by a defendant other than appellants, a clear indication that they did not find these "contract" damages against the appellants. Therefore, as to contract damages, the verdict and decree do not harmonize. When a verdict has been received and recorded and the jury dispersed, the court can no longer amend it as a matter of substance. *Fried v. Fried,* 208 Ga. 861 (69 SE2d 862); *Parrish Bakeries v. Wiseman Baking Co.,* 104 Ga. App. 573 (122 SE2d 260); Shulman, Georgia Prac. and Proc. 252, § 16-6. "[I]f the verdict and decree do not harmonize, the decree must be set aside . . . because the judge has found facts which the jury did not, and thus usurped their peculiar province." *Lake v. Hardee,* 57 Ga. 459, 466 (2).

So much of the conformed verdict as reflected in the judgment that authorized recovery from Wade and Wade Construction Co., Inc. on Count 1 as to breach of contract must therefore be set aside.

The jury found punitive damages for the plaintiff to be paid by appellants Warner Wade and Wade Construction Co. The jury returned actual or compensatory damages against Winkler only.

There was no entitlement to compensatory damages from the appellants, Wade or Wade Construction Co. "[I]t is a long-established principle of law that punitive damages are not recoverable when there is no entitlement to compensatory damages. See *Haugabrook v. Taylor,* 225 Ga. 317 (168 SE2d 162) (1969); *Blanchard v. Westview Cemetery, Inc.,* 133 Ga. App. 262 (10) (211 SE2d 135) (1974)." *Public Finance Corp. v. Cooper,* 149 Ga. App. 42, 45 (253 SE2d 435).

The jury also found attorney fees and expenses of litigation to be divided equally among the three defendants (including appellants). The award of punitive damages and attorney fees, in the absence of any finding of actual damages, is improper as a matter of law. *Anthony v. Anthony,* 143 Ga. App. 691 (240 SE2d 167). It follows that all of that part of the verdict finding liability on the part of the appellants Wade and Wade Construction Co. is void. A judgment based on such a verdict will be set aside. *Fleming v. Collins,* 190 Ga. 210, 214 (9 SE2d 157); *Four Oaks Homes v. Smith,* 153 Ga. App. 326 (265 SE2d 76).

The appellee asserts that the appellants waived any objection to the form of the verdict and are estopped to assert the same, citing *Folds v. Reese,* 140 Ga. App. 291 (2) (231 SE2d 808). We do not agree that the defects here are merely matters of improper form. The intent of the jury is clear from its verdict and any reforming or remodeling of the verdict to reflect any other intent would have been unauthorized. Courts are without authority to breathe life into void judgments.

Having reversed the judgment as to these appellants on the grounds set out above, we find it unnecessary to address the case further.

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED APRIL 16, 1981.

*Ronald W. Self,* for appellants.
*James E. Butler, Jr.,* for appellee.