68218. VICKERY v. MOBILE HOME INDUSTRIES, INC. et al.

SOGNIER, Judge.

Alfred Vickery sued Mobile Home Industries, Inc. (MHI) and Sunamerica Corporation alleging he was charged a usurious rate of interest in the finance charge in the retail installment sales contract he executed to MHI for the purchase of a mobile home. The contract

executed between Vickery and MHI was subsequently assigned to Sunamerica. Defendants' motion for summary judgment was granted and Vickery appeals.

1. We find no error in the trial court's ruling that at the time the subject contract was executed on June 4, 1982, the Depository Institutions Deregulation and Monetary Control Act of 1980 ("DIDMAC"), Pub. L. No. 96-221, Section 501 (a), 94 Stat. 161 (codified in the notes to 12 USC § 1735f-7 (1980)), applied to this transaction and served to preempt the pertinent Georgia law on finance charge limitations set forth in the Motor Vehicle Sales Finance Act, Code Ann. § 96-1001 et seq. (OCGA § 10-1-30 et seq.) DIDMAC was applicable in that the transaction, entered into after March 31, 1980 and before enactment of exempting state legislation, involved a federally-related residential mortgage loan, made by a creditor as defined in DIDMAC and secured by a first lien on a residential manufactured home. The trial court correctly held that pursuant to § 501 (c) of DIDMAC, appellees had complied with the required consumer protection provisions in accordance with regulations issued by the Federal Home Loan Bank Board, 12 CFR § 590 et seq., and therefore the finance charge imposed by appellees was not excessive. Therefore, because no questions of fact remain either as to the validity and enforceability of the subject contract under DIDMAC or as to appellees' compliance with DIDMAC's provisions, the trial court correctly granted appellees' motion for summary judgment. See generally *Green v. Ford Motor Credit Co.*, 146 Ga. App. 531, 533 (3) (246 SE2d 721) (1978).

2. We find no error in the trial court's ruling that appellees' failure to meet the requirements of OCGA § 10-1-32 did not subject appellees to penalties provided for under OCGA § 10-1-38 (c). It is uncontroverted that appellees' failure to meet the disclosure requirements of OCGA § 10-1-32 was inadvertent rather than intentional. The trial court correctly held that OCGA § 10-1-38 (c) does not provide a civil remedy for a non-wilful violation of the provisions of OCGA § 10-1-32. See generally *Lee v. Nat. Bank &c. Co.*, 153 Ga. App. 656, 657 (266 SE2d 315) (1980); *Martin v. Glenn's Furniture Co.*, 126 Ga. App. 692, 699 (191 SE2d 567) (1972).

3. Appellant's remaining enumerations of error are without merit.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED JULY 13, 1984.

*Alton T. Milam*, for appellant.

*William E. Sumner, Nancy B. Hewes, Linda A. Robinson, Quintus W. Sibley*, for appellees.