## 43285. ARTIS v. CRENSHAW.
### (350 SE2d 247)

BELL, Justice.

In 1982 appellee Maggie Crenshaw filed suit against appellant Fred Artis, seeking certain real property in Savannah, Georgia, and compensatory and exemplary damages. In 1984 she amended her complaint, by adding a second count in which she sought the proceeds of a certificate of deposit. At trial the court struck the prayer for compensatory damages, and the jury returned a verdict for appellee, awarding her a one-half undivided interest in the real property, $100,000 in exemplary damages, and the proceeds of the certificate of deposit. Judgment was entered on the verdict, and Mr. Artis filed a notice of appeal. In his enumerations of error he challenges the award of a one-half interest in the real estate and the award of exemplary damages.[1]

1. The imposition of a trust for appellee's benefit on an undivided one-half interest in the real property was not error for any of the reasons contended by appellant.

2. However, we reach a different conclusion concerning the award of exemplary damages.[2] Appellant contends that the award of $100,000 exemplary damages cannot stand because compensatory damages were not awarded pursuant to Count One of the complaint. Appellee responds that the money judgment on Count Two was sufficient to support the award of aggravated damages. We agree with appellant, and reverse.

There can be no recovery of exemplary damages where the sole recovery is in equity. *Jones v. Spindel,* 239 Ga. 68, 71 (3) (235 SE2d 486) (1977). Here, the sole recovery on Count One was in equity. The trial court specifically instructed the jury that appellee's prayer for exemplary damages was based exclusively on Count One, and not on Count Two. We therefore hold that the judgment for exemplary damages should be reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Smith, J., who dissents as to Division 2 and the judg-*

---

[1] Appellant does not contend that the award of the proceeds of the certificate of deposit was erroneous.

[2] Exemplary damages are authorized by OCGA § 51-12-5, which provides that "[i]n a tort action in which there are aggravating circumstances, in either the act or the intention, the jury may give additional damages to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff."

*ment.*

DECIDED NOVEMBER 26, 1986.

Buchsbaum & Lowe, Alan S. Lowe, for appellant.
Robert M. Ray, Jr., Robert E. Barker, for appellee.