73122. RUCKER v. CAMDEN TELEPHONE & TELEGRAPH COMPANY, INC. et al.
(353 SE2d 50)

CARLEY, Judge.
Appellant-plaintiff brought a multi-count tort action against ap-

pellee-defendant Camden Telephone and Telegraph Company, Inc. (Telephone Company) and its employee, appellee-defendant Harrison. Three counts of appellant's complaint were submitted to the jury and the jury was instructed to return its verdict on a form that had been supplied to it. As to each count, the verdict form required the jury to fill in two or more blank spaces. One blank space was for the jury to indicate its finding as to liability and the others were to indicate its award of damages. As to Count I, the jury found against appellant and, as the instructions on the verdict form indicated should be done in that event, entered "none" in the space provided for the amount of damages to be awarded. As to Count II, the jury found for appellant. However, the space provided for the amount of damages was left entirely blank, notwithstanding the directions on the form instructing the jury that its alternatives were the insertion of either the word "none" or the "sum awarded." The jury also found for appellant on Count III. The amount entered by the jury in the space provided for nominal damages was $10. However, the space provided for punitive damages as to Count III was left blank, although the verdict form again instructed the jury to insert either "none" or the "sum awarded." In addition to the completed and the blank spaces, the verdict form contained several gratuitous "recommendations" made by the jury with regard to the payment of appellant's "legal fees" and other forms of ostensible punishment to be levied against appellees. When asked by the trial court for an explanation of the verdict, the foreman of the jury indicated that, by leaving the spaces provided for damages blank as to Counts II and III, it had not been the jury's intent to award appellant no damages. Rather, the jury wished to award damages but was apparently confused as to how to calculate the amount and as to how its "recommendations" would affect the recovery of damages. Notwithstanding the jury's apparent confusion, the trial court merely entered, on the bottom of the last page of the verdict, the following, which was denominated as its "Judgment" in the case: "The above 2½ pages VERDICT in said case is hereby Made, Ordered, Adjudged, and Decreed to be the judgment of this court. . . ." Appellant's motion for new trial was denied and he appeals.

Appellant contends that the verdict was void and that the trial court erred in entering judgment thereon. "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction. They shall not be avoided unless from necessity." OCGA § 9-12-4. "Verdicts are not to be set aside for indefiniteness if they are capable of being reduced to a reasonable certainty by the application of the ordinary canons of construction. . . . 'The presumptions are in favor of the validity of verdicts, and if possible a construction will be given which will uphold them. [Cit.]'" *NEDA Constr. Co. v. Jenkins*, 137

Ga. App. 344, 347-348 (223 SE2d 732) (1976). However, a verdict which is not responsive to the issues tried is void. "[T]he verdict must comprehend the whole issue or issues submitted to the Jury in the particular cause; otherwise, the judgment founded on it should be reversed. [Cits.]" *Wood v. McGuire's Children*, 17 Ga. 361, 362 (1) (1855). See also *Tompkins v. Garmany*, 14 Ga. 118 (1853).

In the instant case, the issues of liability and damages were submitted to the jury. As to Counts II and III, the jury found in appellant's favor as to liability, but its verdict failed to indicate an award of either no damages or a sum of damages. The jury's explanation of its failure in this regard indicated its confusion as to the damages issue as well as its intent to make some award of damages to appellant. "A judgment must conform to the verdict [cit.], and likewise it must follow the true meaning and intent of the finding of the jury. [Cit.]" *Taylor v. Taylor*, 212 Ga. 637, 638 (94 SE2d 744) (1956). Because of its incompleteness and uncertainty, the instant verdict was void and incapable of supporting a judgment. *Sellers v. Mann*, 113 Ga. 643 (39 SE 11) (1901); *Tompkins v. Garmany*, supra. It would have been preferable if the trial court had simply required the jury to return to the jury room to reach a proper verdict. *Smith v. Pilcher*, 130 Ga. 350, 352-355 (1, 2) (60 SE 1000) (1908); *Ballard v. Turner*, 147 Ga. App. 584, 585-586 (3) (249 SE2d 637) (1978); *Colley v. Dillon*, 158 Ga. App. 416, 417-418 (3) (280 SE2d 425) (1981). However, having failed to do so, the trial court erred in denying appellant's motion for new trial. *Sellers v. Mann*, supra; *Tompkins v. Garmany*, supra.

The Telephone Company asserts that any error has been waived because appellant made no objection to the form of the verdict at the time it was published. The objection that we find viable is not, however, to the mere form of the verdict. The verdict itself is illegal and void. "Failure of a party to object to the reception of such a verdict will not preclude him from subsequently attacking it." *Whitfield-Baker Co. v. Anderson*, 147 Ga. 242 (b) (93 SE 406) (1917). The trial court erred in denying appellant's motion for new trial.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 13, 1987.

*Stephen L. Berry*, for appellant.
*Charles C. Smith, Jr., James E. Stein, Terry K. Floyd*, for appellees.