A91A2099. FIRST UNION NATIONAL BANK OF GEORGIA v. BIG JOHN'S AUTO SALES, INC. et al.
(417 SE2d 416)

CARLEY, Presiding Judge.

Appellant-plaintiff brought suit, seeking to recover against appellee-defendant Big John's Auto Sales, Inc. for breach of contract and against appellee-defendant John F. Tansey III on his guaranty agreement. Appellees answered and each counterclaimed, alleging that appellant had violated both the Federal Truth In Lending Act (TILA) and the Georgia Motor Vehicle Sales Finance Act (MVSFA). The case was tried before a jury. In the main action, a verdict in favor of appellant against both appellees was returned. On the counterclaims, a verdict for $500 was returned in favor of only the corporate appellee, but a verdict for attorney's fees was returned in favor of both appellees. Appellant appeals from the judgment that was entered by the trial court on the jury's verdicts. In its sole enumeration, appellant urges that the jury's verdict awarding attorney's fees to appellees was not authorized and that the trial court erred, therefore, in entering judgment on that verdict.

1. It was clearly erroneous to enter judgment on the jury's verdict awarding attorney's fees to the individual appellee. There was no jury verdict returned in his favor on his counterclaim against appellant. *Mayfield v. Ideal Enterprises*, 157 Ga. App. 266, 268 (2) (277 SE2d 62) (1981).

2. The corporate appellee urges that the jury's award of attorney's fees was authorized pursuant to OCGA § 10-1-38 (c). That statute provides, in relevant part, that, "[i]n the case of a willful violation of [the MVSFA], the buyer in such transaction may recover from the

person committing the violation (or may set off or counterclaim in any action by such person) . . . any attorney's fees and court costs charged and paid with respect to such transaction. . . ."

On the verdict form, the jury was asked to indicate its finding as to whether there had been any "willful and intentional violation" on the part of appellant. By striking out this language on the verdict form, the jury obviously found that there had *not* been such a violation. Accordingly, the verdict shows, on its face, that there was *no* predicate for any recovery of attorney's fees pursuant to OCGA § 10-1-38 (c).

Moreover, OCGA § 10-1-38 (c) would not authorize a recovery of attorney's fees incurred by the corporate appellee in connection with the filing and maintenance of its counterclaim against appellant. That statute clearly authorizes a recovery of only those attorney's fees *previously* charged by and paid to the seller. Thus, OCGA § 10-1-38 (c) permits a recoupment of attorney's fees previously paid to a seller who has willfully violated the MVSFA, but it does not permit a recovery of any attorney's fees incurred in litigating the seller's willful violation of that statute.

3. The corporate appellee also urges that the award of attorney's fees was authorized pursuant to the TILA. That statute provides, in relevant part, for the recovery of "a reasonable attorney's fee as determined by the court." 15 USC § 1640 (a) (3).

It is clear that the *trial court* did not undertake to award reasonable attorney's fees pursuant to 15 USC § 1640 (a) (3). The judgment reflects, on its face, that the award of attorney's fees was being entered by the trial court "pursuant to [the] *jury verdict*. . . ." (Emphasis supplied.) Accordingly, that award cannot be upheld as the trial court's *own* award of attorney's fees as would otherwise be authorized under the TILA. Compare *Fleetwood Motor Homes of Pa. v. McGehee*, 182 Ga. App. 151, 153 (2) (355 SE2d 73) (1987).

4. It is urged that the award of attorney's fees was authorized under OCGA § 13-6-11 because appellant willfully breached its contract with the corporate appellee. OCGA § 13-6-11 provides, in relevant part, that the expenses of litigation may be recovered only "where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith in making the contract, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. . . ."

The *only* willful breach of contract otherwise alleged in either the initial counterclaim or the subsequent pre-trial order is appellant's violation of the MVSFA and the TILA. Appellant's alleged willful violation of those statutes would not constitute a breach of any provision of its contract authorizing the corporate appellee to recover contractual damages. Such violations would constitute only a breach of

appellant's statutory obligations authorizing the corporate appellee to recover a civil penalty. See *Vickery v. Mobile Home Indus.*, 171 Ga. App. 566, 567 (2) (320 SE2d 633) (1984); *First Citizens Bank & Trust Co. of S. C. v. Owings*, 151 Ga. App. 389, 390 (1) (259 SE2d 747) (1979). Attorney's fees pursuant to OCGA § 13-6-11 "are not recoverable against a defendant in a suit based upon a 'statutory liability.' [Cit.]" *Bankers Ins. Co. v. Oliver*, 106 Ga. App. 305, 308 (3) (126 SE2d 887) (1962). Accordingly, if attorney's fees are to be recovered for violations of the MVSFA or the TILA, it is as a civil penalty pursuant to the specific authority of those statutes. To authorize a recovery of attorney's fees as a separate element of damages pursuant to OCGA § 13-6-11, the corporate appellee must have had a viable independent counterclaim for appellant's breach of the contractual obligations that were owed to the corporate appellee. See generally *Beall v. F. H. H. Constr.*, 193 Ga. App. 544, 546 (4) (388 SE2d 342) (1989).

Since the record demonstrates, on its face, that the corporate appellee did not specifically plead a viable independent counterclaim for appellant's breach of contract such as would otherwise authorize a recovery of attorney's fees pursuant to OCGA § 13-6-11, the instant award of attorney's fees cannot be upheld as authorized under that provision. See *Spoon v. Herndon*, 167 Ga. App. 794, 795 (2) (307 SE2d 693) (1983). Compare *Ring v. Williams*, 192 Ga. App. 329, 331 (3) (384 SE2d 914) (1989).

Moreover, even assuming that the allegations that appellant had willfully breached the contract by violating the MVSFA and the TILA were otherwise sufficient to allege a viable independent counterclaim authorizing a recovery of attorney's fees as a separate element of damages pursuant to OCGA § 13-6-11, the award in the instant case would nevertheless be unauthorized. As noted, the jury found *no* "willful and intentional violation" on the part of appellant. Since the only predicate upon which the corporate appellee had sought attorney's fees was found not to exist, the jury's award of attorney's fees pursuant to OCGA § 13-6-11 would be void. See *Four Oaks Homes v. Smith*, 153 Ga. App. 326, 327 (1) (265 SE2d 76) (1980).

5. Under OCGA § 13-6-11, there can be no recovery by the corporate appellee of attorney's fees incurred in its defense of appellant's main action. *Hickman v. Frazier*, 128 Ga. App. 552 (1) (197 SE2d 441) (1973).

6. The corporate appellee urges that appellant has waived any objection to the award of attorney's fees by failing to object to the form of the verdict in the trial court. However, the objections to the award of attorney's fees do not relate to the *form* of the verdict. See generally *Rucker v. Camden Tel. &c. Co.*, 181 Ga. App. 504, 506 (353 SE2d 50) (1987). Appellant's contention is that the actual award itself

is improper as a matter of law. See *Long v. Marion*, 182 Ga. App. 361, 365 (5) (355 SE2d 711) (1987), aff'd 257 Ga. 431 (360 SE2d 255) (1987). Compare *Ring v. Williams*, supra at 331 (3). "The recoverability of damages is . . . dependent upon the *applicable law* and evidence. . . ." (Emphasis supplied.) *Ring v. Williams*, supra at 331 (3). Under the applicable law, the award of attorney's fees in the instant case can *not* be upheld as authorized pursuant to the MVSFA, the TILA, or OCGA § 13-6-11.

7. The judgment entered on the jury's verdict awarding attorney's fees to appellees is reversed. The judgment entered on the jury's verdict for $500 on the corporate appellee's counterclaim is unaffected by this opinion and is affirmed.

*Judgment affirmed in part and reversed in part. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Cooper, Andrews and Johnson, JJ., concur. Beasley, J., concurs in part and dissents in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I concur fully in Divisions 1, 2, 4, 5 and 6 but would not conclusively reverse with respect to Division 3 and as reiterated in Division 7.

Because the trial court misapprehended its authority on the issue of attorney fees under 15 USC § 1640 (a) (3) and did not fulfill its judicial duty in this regard, we should reverse and remand the case for this to be done rather than deprive appellee of the trial court's consideration of this significant post-verdict issue. In *Fleetwood Motor Homes of Pa. v. McGehee*, 182 Ga. App. 151, 152 (2) (355 SE2d 73) (1987), the case cited in the majority opinion, the trial court had exercised it discretion.

DECIDED MARCH 19, 1992 —
RECONSIDERATION DENIED APRIL 3, 1992 — ■

*Glover & Davis, J. Littleton Glover, Jr., Michael E. Sumner,* for appellant.

*Albert B. Wallace, Stephen B. Wallace II,* for appellees.