A97A1925. GARDNER et al. v. KINNEY.
(498 SE2d 312)

BEASLEY, Judge.

Gardner and Ballard sued Ray Kinney, essentially alleging he was required to repay $10,000 earnest money they paid in connection with a "Purchase and Sale Agreement" relating to certain property in Butts County, Georgia. Kinney counterclaimed alleging fraud and seeking compensatory and punitive damages, plus the costs of litigation and attorney fees "because Plaintiffs have been stubbornly litigious and have put Defendant to unnecessary trouble and expense to defend himself." According to the pre-trial order, Kinney asserted he was entitled to "damages in at least the amount of the earnest money paid to him, and more, because of the fraudulent representations made."

The verdict was against Gardner and Ballard on their claims and facially in favor of Kinney on his counterclaim. The jury awarded no compensatory damages but did award Kinney costs of litigation and attorney fees. Plaintiffs' motion for new trial was denied.

Gardner and Ballard's sole enumeration of error is that the jury was not authorized to award Kinney fees and costs because it awarded no damages for fraud.

First, we reject Kinney's argument that he implicitly recovered damages because he was allowed to keep the earnest money. Return of the earnest money was the relief the plaintiffs sought against

Kinney, but the jury found they were not entitled to it. Status quo was maintained. Kinney defeated the plaintiffs' claims against him; either he did not prove fraud or he did not prove damages for fraud so as to prevail on his counterclaim. He confuses compensation for fraud with entitlement to earnest money for failure of the sale to close.

When a defendant asserts a claim for relief independent of a claim for litigation expenses incurred in defending against a plaintiff's case-in-chief, defendant may recover litigation expenses incurred in prosecuting such an independent claim in accordance with OCGA § 13-6-11.[1] Kinney's fraud counterclaim is an independent claim for relief.

The remaining question is whether fees and costs may be awarded for stubborn litigiousness where the defendant is awarded zero damages on his counterclaim. *Ga.-Carolina Brick &c. Co. v. Brown*[2] addressed whether a plaintiff could recover litigation expenses under what is now OCGA § 13-6-11 where he is awarded substantially less than demanded in actual damages. The court held that he could and in so doing explained that evidence of bad faith or stubborn litigiousness is logically independent from whether the plaintiff recovered all the damages he sought.[3] Thus, "where there is actual bad faith or stubborn litigiousness in the evidence, attorney fees are authorized under [OCGA § 13-6-11], regardless of the amount of the recovery."[4]

The Supreme Court, without reference to *Ga.-Carolina Brick*, subsequently determined in *Steele v. Russell*[5] that fees and costs are not recoverable where the jury awarded no damages to a defendant on his counterclaim. In *Steele*, counterclaimants sought nominal damages for trespass, plus expenses of litigation. The verdict was in favor of the counterclaim only in that, although the jury awarded no nominal damages, it awarded $3,419.87 in fees and costs. The Supreme Court held that "because the jury refused to award appellees any damages for the trespass alleged in their counterclaim, appellees were not entitled to recover any of the expenses of litigation they incurred in prosecuting the counterclaim and the trial court erred by awarding such."[6] The unauthorized portion of the judgment was reversed.

Thus there is a distinction between *some* amount and *no* amount. Because litigation expenses (costs and attorney fees) are wholly ancillary, they are not recoverable when no damages are awarded. " 'OCGA § 13-6-11 does not create an independent cause of

---

[1] *Ballenger Corp. v. Dresco Mechanical Contractors*, 156 Ga. App. 425, 432 (274 SE2d 786) (1980).
[2] 153 Ga. App. 747, 750 (2B) (266 SE2d 531) (1980).
[3] Id. at 750-754.
[4] Id. at 754.
[5] 262 Ga. 651, 652 (2) (424 SE2d 272) (1993).
[6] Id. at 652.

action. That statute merely establishes the circumstances in which a plaintiff may recover the expenses of litigation as an additional element of his damages. (Cit.)' *Brown v. Baker*, 197 Ga. App. 466, 467 (2) (398 SE2d 797) (1990)." *Dept. of Transp. v. Fru-Con Constr. Corp.*, 206 Ga. App. 821, 826 (426 SE2d 905) (1992).[7] So, as in *Steele*, we must likewise reverse that portion of Kinney's judgment. See also *First Union Nat. Bank v. Big John's Auto Sales*, 203 Ga. App. 797 (417 SE2d 416) (1992).

*Judgment affirmed in part and reversed in part. Andrews, C. J., Birdsong, P. J., Pope, P. J., Johnson, Blackburn and Smith, JJ., concur. McMurray, P. J., Ruffin and Eldridge, JJ., concur in the judgment only.*

DECIDED FEBRUARY 26, 1998.

*Lawrence E. Harrington*, for appellants.
*Johnny B. Mostiler*, for appellee.

---

[7] For this reason, the statement in *Gibson v. Southern Gen. Ins. Co.*, 199 Ga. App. 776, 777 (1) (406 SE2d 121) (1991) that "OCGA § 13-6-11 creates a cause of action" is erroneous; it is not a separate cause of action but rather merely an additional element of damages which are afforded. The error was repeated in *Aetna Cas. &c. Co. v. Empire Fire &c. Ins. Co.*, 212 Ga. App. 642, 647 (2) (442 SE2d 778) (1994).