A04A0537. MARTIN v. MARTIN.
(600 SE2d 682)

PHIPPS, Judge.

David Martin appeals a judgment enjoining him from trespassing on certain real property and ordering him to pay punitive damages, attorney fees, and court costs. He argues that the trial evidence failed to support the judgment and that the award of punitive damages was improper as a matter of law. Because Martin has failed to provide a transcript of the evidence, we are unable to determine the merits of his evidentiary claims. But the record shows that the award of punitive damages was not authorized. We therefore reverse the judgment as to punitive damages.

Virlyn Martin sued his grandson, David Martin, alleging that David Martin was trespassing on and damaging certain of his real property. He further alleged that David Martin's acts showed "willful misconduct and malice, because [David Martin] has attempted to intimidate [him] and has refused to stop his trespass even though he has been warned repeatedly." Virlyn Martin sought injunctive relief prohibiting David Martin from continuing the trespass, compensatory damages, punitive damages, costs, and attorney fees. In a verified answer, David Martin claimed that he was authorized to use the real property. After a bench trial, the court ruled in favor of Virlyn Martin, ordering David Martin to stop using the property and to pay punitive damages, attorney fees, and costs.

1. Contesting the judgment in its entirety, David Martin argues that the trial court ignored his defense. He further asserts that the evidence showed that he was, at most, an innocent trespasser and thus had not acted with wilful misconduct or malice.

The trial court's order expressly states that the judgment is based upon a trial where both parties appeared to present evidence. Thus, resolving this contention requires this court to review the evidence presented at the trial. It is the appellant's duty to include in the appellate record the items necessary for the appellate court to objectively review the evidence and proceedings giving rise to the judgment.[1] However, David Martin has failed to provide this court with a transcript of the evidence presented at the trial.[2] Although he cites facts contained in his sworn answer, such facts may not be used in lieu of a trial transcript.[3]

Consequently, in accordance with "the presumption in favor of the regularity of court proceedings,"[4] we must assume that the trial court did consider David Martin's defense and that, based upon all the evidence heard at trial, the trial court was authorized to reject that defense, find that David Martin's entries upon Virlyn Martin's real property constituted trespass, ban David Martin from the property, and award Virlyn Martin attorney fees.[5]

2. Although the evidence adduced at trial may have authorized the trial court to find that David Martin's continuing trespass showed wilful misconduct and malice,[6] we reach a different conclusion regarding the award of punitive damages. As David Martin points out,

---

[1] *Kirkendall v. Decker*, 271 Ga. 189, 191 (516 SE2d 73) (1999).

[2] In fact, David Martin concedes that this case "was not reported," and he has not cited any stipulation in lieu of transcript. See OCGA § 5-6-41 (g).

[3] See *Hipple v. Simpson Paper Co.*, 234 Ga. App. 516, 518 (3) (507 SE2d 156) (1998).

[4] *Sprayberry v. Dougherty County*, 273 Ga. 503, 504 (2) (543 SE2d 29) (2001).

[5] See *Sprayberry*, supra; *Kirkendall*, supra; *Hipple*, supra.

[6] See *Dow Chem. Co. v. Ogletree, Deakins, Nash, Smoak & Stewart*, 237 Ga. App. 27, 32 (3)

the trial court awarded no compensatory damages. "[Punitive] damages cannot be awarded in the absence of any finding of compensatory damages."[7] Although Virlyn Martin was awarded injunctive relief, "[t]here can be no recovery of [punitive] damages where the sole recovery is in equity."[8] "In accordance with OCGA § 51-12-5.1, punitive damages can only be awarded as *additional* damages."[9] Because the trial court awarded no monetary damages, the award of punitive damages was improper as a matter of law.[10] The award of punitive damages is reversed.

*Judgment affirmed in part and reversed in part. Smith, C. J., and Johnson, P. J., concur.*

DECIDED MAY 26, 2004.

*Donald O. Nelson*, for appellant.
*Gordon C. Tomlinson, David F. Addleton*, for appellee.

---

(514 SE2d 836) (1999) (whether the circumstances were sufficiently aggravating to authorize punitive damages is a question of fact).

[7] (Citation omitted.) *Howell v. Ansley,* 169 Ga. App. 935, 936 (2) (315 SE2d 476) (1984).

[8] (Citation omitted.) *Artis v. Crenshaw,* 256 Ga. 488 (2) (350 SE2d 247) (1986).

[9] (Emphasis supplied.) *Nelson v. Glynn-Brunswick Hosp. Auth.,* 257 Ga. App. 571, 580 (5) (571 SE2d 557) (2002).

[10] See *Artis,* supra; *Wade v. Culpepper,* 158 Ga. App. 303, 304-305 (279 SE2d 748) (1981), rev'd on other grounds, *Magnetic Resonance Plus v. Imaging Systems Intl.,* 273 Ga. 525, 528 (3) (543 SE2d 32) (2001) (holding that obtaining some, but less than all, of the relief sought is sufficient to authorize an award of attorney fees and that the relief which must be obtained to entitle a party to attorney fees need not be monetary damages); *Mayfield v. Ideal Enterprises,* 157 Ga. App. 266, 267 (1) (277 SE2d 62) (1981).