**SECOND DIVISION
ANDREWS, P. J.,
MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**January 25, 2016**

# In the Court of Appeals of Georgia

A15A2166. AAMES PLUMBING & HEATING, INC. v. SHUFORD.

ANDREWS, Presiding Judge.

Aames Plumbing & Heating, Inc. (Aames), commenced this action against Sharon Shuford seeking payment for plumbing services performed in October 2011. Shuford defended on the basis she was fraudulently induced to agree to the work done by Aames, and she also asserted a counterclaim for fraud. The trial court originally granted summary judgment for Aames on Shuford's fraud defense and counterclaim, but this Court reversed in *Shuford v. Aames Plumbing & Heating*, 327 Ga. App. 844 (761 SE2d 395) (2014).

Following trial, the jury returned a verdict for Shuford on Aames's breach of contract claim. The jury also returned a verdict for Shuford on her counterclaim for

fraud, but awarded her zero actual damages. The jury did, however, award Shuford $16,000 attorney fees. This second appeal in the case followed the trial court's denial of Aames's motion for judgment notwithstanding the verdict.

1. Aames contends that because no actual damages were awarded on Shuford's counterclaim for fraud, the jury's award of $16,000 attorney fees was unauthorized. We agree. Where a jury awards a defendant zero damages on a counterclaim for fraud, litigation expenses are not recoverable. *Gardner v. Kinney,* 230 Ga. App. 771 (498 SE2d 312) (1998).

2. Aames also contends that the trial court erred in failing either to direct a verdict for it or grant judgment notwithstanding the verdict, because Aames had proven its contract claim and Shuford had not proven every element of her fraud defense and counterclaim based on fraud.

The evidence adduced at trial essentially tracked the evidence as summarized in the earlier appeal in this case, *Shuford v. Aames Plumbing & Heating*, supra, and will not be repeated here. In that earlier appeal, we concluded the evidence was sufficient to create an issue of fact for every element of a fraud defense. In particular, regarding the fraud defense, we determined that Shuford's potential contractual obligation itself met the requisite element of detriment. Id. at 850. Thus, as

2

compelling a case as Aames presented in support of its contract with Shuford, in light of this Court's previous determination, as well as the evidence adduced at trial creating a factual issue regarding Shuford's fraud defense, the trial court properly declined to direct a verdict or judgment notwithstanding the verdict for Aames.

*Judgment affirmed in part and reversed in part. Miller and Branch, JJ., concur.*