10995.  Allen *et al.* v. Brooke.

Stephens, J.  1. Where an attorney at law accepts employment and agrees for a stipulated fee to handle certain litigation through the courts, and where the complete performance of such service is rendered impossible through no fault on his part, but by the act of his client in settling the case before trial, the attorney may recover the entire fee, where he remains in readiness to render complete performance.

2. Such an agreement is not to do or perform certain specific services such as looking up testimony, examining witnesses, consulting with client, etc., but is to do generally all that is necessary, including such specific services when necessary, to a successful handling of the litigation and achieving the desired result.

3. Even though the attorney may have stated his intention to perform such specific services mentioned, yet where it appears that he did after employment consult with the client with reference to the litigation, but where it does not appear that the performance of such services was necessary to the successful handling of the litigation under the general contract of employment, it cannot be said that the attorney has failed to comply with his obligation under the contract.

4. The evidence demanding a finding of the facts as above stated, the verdict for the plaintiff for the stipulated attorney's fee agreed upon was properly directed.

    *Judgment affirmed.  Jenkins, P. J., and Smith, J., concur.*
      Decided April 8, 1920.

Complaint; from Forsyth superior court — Judge Morris. August 27, 1919.

J. P. Brooke sued Allen and Hill for $100 and interest thereon from August 31, 1917, alleging that the defendants were indebted to him in that amount upon account for fees to be paid to him by them for services rendered and to be rendered in specified cases in Forsyth superior court, which were settled and dismissed by agreement of the parties. The defendants in their answer denied the allegations of the petition, and pleaded that they had tendered to the plaintiff $50 in settlement of his claim, and made a continuing tender of that sum. The court, after hearing the evidence on the trial, directed a verdict against the defendants for the amount sued for, and they excepted.

In the plaintiff's testimony it was stated that after negotiations between him and the defendants Allen and Hill in regard to his employment as counsel for them in several cases pending in Forsyth superior court, in which it was desired that he should assist Judge Gober, who was already counsel in the cases, Mr. Allen agreed to give him a straight fee of $100 for his services, regardless of the termination or result of the cases; he was "just to appear in them," and if they were stricken from the docket of the court he would be entitled to his fee, under the contract: that he was employed before the February term, and was at the court at that term, and these cases were passed over, and that just before the next term (August term, 1917), he came to Cumming (where the court was held), and, with Mr. Allen and Mr. Hill and in the absence of other counsel, "worked through the papers and decided on quite a number of little things to get ready for the approaching term of court," made several suggestions about amendments that ought to be made in the pleadings and about the evidence, and asked them if they could get up the evidence, and they thought they could; the pleadings were already prepared and he was to assist on the trial; he suggested a line of defense in one of the cases that would require the production of other witnesses, and they said they would get up those witnesses; he and they spent a large part of the day in getting through the papers and getting ready; he came to the court at the August term, and when he got there Judge Gober told him that he (Judge Gober) had been there before court and had the

cases settled; there was no trial on them; he asked the defendants for his fee and they refused to pay him.

The defendant Allen testified: "Judge Gober had prepared the cases and Judge Patterson was to help in the trial. . . I agreed to give Mr. Brooke $100 to represent me in these cases on the trial through the courts. . . Our agreement was I should pay Mr. Brooke $100 to represent me in the cases through the courts. Mr. Brooke said he would come up here and spend a week in looking up the testimony and examining the witnesses and getting the cases ready for the court; he was to work in connection with Judge Patterson and Judge Gober. Mr. Brooke stayed at my house when he came on return day, anywhere from half an hour to an hour, and discussed the matter in general with me and Mr. Hill; he then agreed to come back two days before court, . . but he didn't come, and this settlement that was made was made on Saturday before court convened on Monday; he hadn't come up to that time and didn't come that day. Mr. Brooke has not rendered any services in the way of preparing the cases that I know of. . . I authorized my attorneys to settle the cases on opposing parties paying all attorney's fees and all costs." In the settlement Mr. Brooke was to receive $50. "I admit the $50 going to him." "I don't deny I promised to give Mr. Brooke $100; that did not depend on how the cases went;" he was to assist in all the cases through the courts. The defendant Hill testified that he was to be jointly liable for the fee of Mr. Brooke. His testimony was substantially in accord with that of the defendant Allen. Judge Gober testified that Mr. Brooke told him that he (Brooke) would come to Cumming and spend two days before a term of court, to get up evidence; and he (the witness) was there on Friday before the August term when the cases were settled, and Mr. Brooke was not there; if Mr. Brooke ever did any work in the cases he did not know it. In rebuttal Mr. Brooke denied that he had promised to be in Cumming two days before court.

*George F. Gober, H. L. Patterson,* for plaintiffs in error, cited: Civil Code (1910), §§ 5926, 4953; 55 *Ga.* 283; 128 *Ga.* 155 (2), 156.

*J. P. Brooke,* contra.