JAMES MORRIS ET AL. *v.* TIMENTERIAL, INC., ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 7, 1974—decision released February 25, 1975

*Roger Sullivan,* for the appellants (plaintiffs).

*David M. Call,* with whom was *Robert L. Hirtle, Jr.,* for the appellees (defendants).

PER CURIAM. The defendants, Timenterial, Inc., and Liberty Mobile Sales, Inc., made a motion in the Superior Court seeking to have released and discharged certain attachments made pursuant to General Statutes § 52-281[1] prior to May 30, 1973 (the effective date of Public Act 73-431)[2] and placed

[1] "[General Statutes] Sec. 52-281. ORDER FOR ATTACHMENT ON PLAINTIFF'S APPLICATION DURING PENDENCY OF ACTION. The plaintiff in any action which was or might have been commenced by attachment may, at any time during its pendency, apply in writing to the court to which it was brought, or, when such court is not in session, to any judge thereof, for an order for the attachment or further attachment of the estate of the defendant; and the court or judge may, at its or his discretion, issue such an order, directed to a proper officer, stating the amount to be attached, and the time of return, which shall not be later than during the next term or session of such court; which order shall be served and returned in the same manner as an original writ of attachment and when returned shall become a part of the files and record in the action. The estate attached under such order shall be held to respond to the final judgment or decree in the same manner as if attached at the commencement of the action."

[2] Public Act 73-431, entitled "An Act Concerning Prejudgment Remedies," requires, in most circumstances, a judicial hearing to determine probable cause prior to the granting of any prejudgment remedy.

by the various plaintiffs against the defendants' real property. The motion was granted and the court ordered that the attachments be released because the plaintiffs did not secure their prejudgment remedies as provided by § 7 of the Public Act.[3] From this order the plaintiffs have appealed. The question presented by this appeal is whether these attachments are valid where the attaching parties did not under § 7 of the Public Act move for a hearing and a finding of probable cause to sustain the validity of the claims.

The court, in its memorandum of decision, dissolved the attachments, expressly noting that it was not passing on the constitutional validity of the pre-Public Act 73-431 attachments.[4] It based its decision upon an interpretation of § 7 of Public Act 73-431 as requiring the dissolution of attachments made prior to it and not validated in accordance with it.

The court was in error in its interpretation of § 7 of Public Act 73-431. It is settled law that the dissolution of attachments is strictly limited to causes provided for by statute. *Harris* v. *Barone,* 147 Conn. 233, 234, 158 A.2d 855. Public Act 73-431 makes no reference to the dissolution of an attachment. Consequently, § 7 is to be read to permit the

---

[3] "[Public Act 73-431] Sec. 7. A plaintiff who has secured a prejudgment remedy prior to the effective date of this act *may* make a motion to the court in which such action is pending for a hearing as set forth in section 4 of this act with notice thereof to the defendant or his attorney. If the court, upon consideration of the facts before it, finds that the plaintiff has shown probable cause to sustain the validity of his claim, such prejudgment remedy secured shall be effective from the date of such hearing and an order to that effect shall be issued by the court." (Emphasis supplied.)

[4] We may consult the court's memorandum of decision to better understand the basis of its decision. *Griffith* v. *Security Ins. Co.,* 167 Conn. 450, 456, 356 A.2d 94.

validation of an attachment whose constitutional validity is in doubt. This is clearly indicated by the use of the permissive "may" instead of a mandatory "shall." *General Motors Acceptance Corporation* v. *Powers,* 137 Conn. 145, 149, 75 A.2d 391. Consequently, an unconstitutional attachment is not dissolved perforce of the Public Act, but fails to be effectual if it is determined that it was not constitutional and not validated. *Csakany* v. *Takacs,* 143 Conn. 485, 487, 123 A.2d 764.

Since the question as to any unconstitutionality of the attachments made in this case was not raised or briefed we do not determine whether the instant attachments were valid. See *Rindge* v. *Holbrook,* 111 Conn. 72, 75–77, 149 A. 231. It suffices to note, however, that the constitutionality of pre-Public Act 73-431 attachments is tested by the standards set forth by the Supreme Court of the United States in *Fuentes* v. *Shevin,* 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556 or *Mitchell* v. *W. T. Grant Co.,* 416 U.S. 600, 94 S. Ct. 1895, 40 L. Ed. 2d 406.

There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.