173 N.J. Super. 501 (1980)
414 A.2d 611
GUISEPPE VENTURA, PLAINTIFF,
v.
FORD MOTOR CORPORATION AND MARINO AUTO SALES, INC., DEFENDANTS.
Superior Court of New Jersey, Chancery Division  Middlesex County.
Decided March 17, 1980.
*502 Mark R. Silber for plaintiff.
Richard F. Collier, Jr. for defendant Ford Motor Corporation (Pitney, Hardin & Kipp, attorneys).
Bernard Horwitz for defendant Marino Auto Sales, Inc.
FURMAN, J.S.C.
After a trial plaintiff was granted a rescission of his purchase of a 1978 Mercury Marquis Brougham manufactured by defendant Ford Motor Corporation and sold by defendant Marino Auto Sales, Inc., a Ford dealer. The right of plaintiff's attorney to an attorney's fee against Ford under the Magnuson-Moss Warranty Act, 15 U.S.C.A. § 2301 et seq., remains at issue.
This Court concluded in an oral opinion based upon the proofs at trial that under its express warranty to plaintiff Ford had authorized its dealer Marino to perform repairs; that plaintiff provided Marino with a reasonable opportunity to cure his 1978 Mercury's defects by bringing it in for repairs five or more times with complaints of stalling and hesitation; that despite Marino's attempts to effect repairs the stalling and hesitation continued; that plaintiff's car was substantially impaired in value because of manufacturing defects in workmanship or materials or both; that Ford had breached its express warranty to plaintiff; that no money damages were proven, and that the remedy available to plaintiff was rescission against Marino, from whom he had purchased the car, with a credit for mileage driven.
*503 R. 4:42-9(a)(8) authorizes an award of an attorney's fee in accordance with statute. The Magnuson-Moss Warranty Act, establishing a civil action cognizable in federal or state courts, provides that an attorney's fee may be awarded to a prevailing party "based on actual time expended." A legislative intent is to encourage consumer actions for breach of warranty of products by adequate attorney's fee awards to prevailing parties. The remedies available under the Magnuson-Moss Warranty Act are damages, which may be minimal, and "other legal and equitable relief."
In this action plaintiff maintained a count for violation of the Magnuson-Moss Warranty Act against Ford only, because the express warranty of his car was from Ford and not from the selling dealer. That count was determined in plaintiff's favor. But the remedy granted was rescission against the selling dealer Marino in the absence of privity of contract in the sale of the car between plaintiff and Ford.
Ford objects to any award of an attorney's fee against it because the judgment of rescission is against Marino only. The issue is whether Ford's system of doing business through authorized but independent dealers such as Marino exempts it from liability for an attorney's fee under the Magnuson-Moss Warranty Act upon rescission against Marino for breach of its express warranty as manufacturer, which is undoubtedly an inducement for the purchase of its cars. This court holds to the contrary.
Under the facts an alternative holding might have been reached that the sale from Marino to plaintiff was subject to rescission under the Uniform Commercial Code, N.J.S.A. 12A:2-711. But in the court's oral opinion the basis for rescission was stated as the breach of Ford's express warranty as manufacturer. Specifically the Magnuson-Moss Warranty Act, 15 U.S.C.A. § 2304(a)(4) is controlling.
[I]f the product ... contains a defect or malfunction after a reasonable number of attempts by the warrantor to remedy defects or malfunctions in such *504 product, such warrantor must permit the customer to elect either a refund for, or replacement without charge of, such product....
As noted supra, Marino was Ford's authorized agent to remedy defects and a reasonable opportunity to cure defects was accorded to Marino.
The holding after trial pierced through the dealership system, granting rescission against the selling dealer Marino, based upon defects in breach of the manufacturer Ford's express warranty. A common law duty to indemnify was imposed against Ford for the difference between the selling price of plaintiff's car less the credit for mileage and its fair market value on the date of the rescission.
Hypothetically, damages for breach of express warranty might have been proven against Ford  for example, the difference between the selling price of plaintiff's car and its diminished value because of its manufacturing defects. No such damages were proven; there is no market for new cars known to be defective.
The only remedy under the Magnuson-Moss Warranty Act for Ford's violation of the act was rescission against the selling dealer Marino. Plaintiff is a prevailing party under the act. Ford should not be shielded from liability for plaintiff's attorney's fee by its system of selling its cars, which it expressly warrants to customers, through authorized but independent dealers. The intertwining of Ford and its dealers is further exemplified by its delegation of the obligation to cure manufacturing defects to its dealers.
Plaintiff's attorney is seeking an attorney's fee of $22,860. That is four times the total of $5,715 calculated at a rate of $75 an hour for 34.2 hours of office time and at a rate of $100 an hour for 26 hours of trial or other court time, plus $550 for a trial brief.
An attorney's fee allowance under the Magnuson-Moss Warranty Act is limited to "actual time expended" but may exceed actual billings to a prevailing party if "reasonably incurred."
*505 Taking into account the difficulty of this litigation, the quality of plaintiff's attorney's work and his experience in similar litigation, the court determines that the fee rates of $75 an hour for office time and $100 an hour for court time are reasonable and proper and that an attorney's fee should be awarded in the amount of $5,165 based upon actual hours expended.
In making this award pursuant to the Magnuson-Moss Warranty Act, the court is not subject to the contingent fee schedule in R. 1:21-7(c).