ROBERT HANKS ET AL. *v.* PETER J. PANDOLFO

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1167

Argued January 27—decided June 25, 1982

*Francis X. Dineen,* with whom, on the brief, was *Joanne S. Faulkner,* for the appellants (plaintiffs).

*Barry D. Jacobs,* with whom, on the brief, was *Stephen D. Jacobs,* for the appellee (defendant).

COVELLO, J. On April 2, 1979, the plaintiffs brought suit claiming damages caused by the defendant's sale of a dented refrigerator. On April 24, 1979, the plaintiffs amended their complaint alleging in seven counts that the defendant had breached a contract by which it had agreed to sell kitchen cabinets and appliances to the plaintiffs for $3196. As amended, the complaint alleged (1) false, misleading

and deceptive representations by the defendant; (2) breach of express and implied warranties; (3) delivery of a defective appliance (a refrigerator with a two foot dent); (4) violation of the Retail Installment Sales Financing Act; (5) two violations of the federal Consumer Product Warranties Act; and (6) unfair trade practices. The plaintiffs claimed damages and attorney's fees payable to the New Haven Legal Assistance Association, Inc. The plaintiffs were willing throughout the proceedings to settle the matter for $900 plus $750 attorney's fees.

Examination of the record discloses entry of numerous pleadings.[1] Together with this state of the pleadings, the court had before it counsel's affidavit that she had expended twenty-five and one-quarter hours on the file plus three hours spent in drafting the application and supporting memorandum. She also submitted a claim with supporting affidavits that the fair value of her services was $100 per hour. The counsel fees claimed were $2825. The court awarded $450.

---

[1] The pleadings include the following:

May 4, 1979, — The plaintiffs' first request for admission concerning the due execution and genuineness of five documents.

May 10, 1979, — The plaintiffs' motion for default for failure to plead.

May 17, 1979, — The plaintiffs' motion for disclosure of defense.

May 21, 1979, — The defendant's request to revise.

May 21, 1979, — The defendant's answer to first request for admissions.

May 24, 1979, — The defendant's disclosure of defense.

June 13, 1979, — The plaintiffs' motion for judgment.

June 13, 1979, — The plaintiffs' offer of judgment.

June 15, 1979, — The plaintiffs' first request for interrogatories (50 questions).

June 15, 1979, — The plaintiffs' first request for production.

June 15, 1979, — The plaintiffs' objection to request to revise.

June 18, 1979, — The defendant's disclosure of defense.

June 18, 1979, — The defendant's motion for nonsuit.

July 18, 1979, — The plaintiffs' motion for judgment.

July 18, 1979, — The plaintiffs' motion for default.

August 20, 1979, — The plaintiffs' motion for default.

August 29, 1979, — The defendant's answers to first request for interrogatories.

The plaintiffs contend (1) that the court was bound to grant attorney's fees based on actual time expended, (2) that the court failed to grant reasonable attorney's fees and (3) that the court reduced the fees on an improper basis. We do not agree.

The summary judgment as to liability resolved only the fifth and sixth counts of the amended complaint in favor of the plaintiffs. These counts dealt exclusively with alleged violations of the federal Consumer Product Warranties Act. 15 U.S.C. §§ 2301 through 2312. Since the fundamental principle is "that every litigant must bear his own expenses of litigation except as otherwise provided by statute"; *Peterson* v. *Norwalk,* 152 Conn. 77, 80, 203 A.2d 294 (1964); this claim for attorney's fees must be dealt with solely within the context of the language contained in that statute.

---

August 29, 1979, – The defendant's objection to first request for production.

September 26, 1979, – The defendant's answer to amended complaint.

October 25, 1979, – The plaintiffs' second request for interrogatories (16 questions).

October 26, 1979, – The plaintiffs' motion for default and costs.

November 16, 1979, – The defendant's supplemental answer to first request for interrogatories.

December 6, 1979, – The defendant's answer to second request for interrogatories.

January 11, 1980, – The defendant's corrected supplemental answer to first request for interrogatories.

April 7, 1980, – The plaintiffs' motion for pretrial summary judgment.

April 7, 1980, – The plaintiffs' brief in support of motion for summary judgment (8 pages).

April 8, 1980, – The defendant's amendment to supplemental answers to first request for interrogatories.

April 11, 1980, – The plaintiffs' attachments to brief in support of summary judgment.

October 14, 1980, – Partial summary judgment as to liability only for the plaintiffs on fifth and sixth counts.

January 12, 1981, – Stipulation for judgment in favor of the plaintiffs for $900 plus attorney's fees in an amount to be determined by the court.

March 20, 1981, – The plaintiffs' application for attorney's fees.

March 20, 1981, – The plaintiffs' memorandum in support of attorney's fees application (13 pages).

The federal Consumer Product Warranties Act provides that "[i]f a consumer finally prevails in any action brought under paragraph (1) of this subsection, he *may* be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses *(including attorneys' fees based on actual time expended)* determined by the court to have been *reasonably incurred* by the plaintiff for or in connection with the commencement and prosecution of such action, *unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate."* [2] (Emphasis added.)

The provision makes four points clear. First, the use of the permissive language "may" instead of the mandatory language "shall" connotes a clear option of the court to allow or not to allow the recovery of costs whether they be attorney's fees or otherwise. *Morris v. Timenterial, Inc.,* 168 Conn. 41, 43, 357 A.2d 507 (1975).

Second, if the court allows attorney's fees, such fees may be based on actual time expended. Thus, if the court elects to do so, it may totally exclude otherwise relevant considerations and base its fee calculation solely on the time expended, a procedure which presumably would not otherwise be permissible absent the specific language contained in this statute.

Third, whatever method of calculation is used, the costs must be "reasonably incurred."

Finally, the use of the mandatory language "shall" in the last phrase of the provision connotes that a determination *must* be made that an award of attorney's fees is or is not appropriate. The plain meaning of the language "in its discretion" contained in this phrase, when read together with the other language of the subsection, permits the court to exercise its judgment (1) to award no attorney's fees, or (2) to

---

[2] 15 U.S.C. § 2310 (d) (2).

award attorney's fees based on time only, or (3) to award attorney's fees pursuant to its discretion. Whatever its content, a decision must be made on the issue of counsel fees.

In its articulated memorandum of decision, the trial court accepted as proved the claim that twenty-five and one-quarter hours were expended in pursuing the plaintiffs' claim. The court further found that this amount of time bore a reasonable relationship to the pleadings filed and that the attorney involved was unquestionably well qualified. The court concluded that these factors were outweighed, however, "by the nature of the litigation and the amount involved therein."

The action was initially to recover damages for the sale and delivery of a dented refrigerator. The plaintiffs indicated from the very beginning that the perceived value of the case was $900 plus attorney's fees. Under these circumstances, it is not unreasonable for the court to conclude that these factors outweighed the other relevant considerations bearing on the issue of attorney's fees.

"A court has few duties of a more delicate nature than that of fixing counsel fees. The degree of delicacy increases when the matter becomes one of review on appeal. The principle of law, which is easy to state but difficult at times to apply, is that only in the case of clear abuse of discretion by the trier may we interfere. *Hayward* v. *Plant,* 98 Conn. 374, 382, 119 A. 341 [1922]; *Golstein* v. *Handley,* 390 Ill. 118, 125, 60 N.E. 2d 851 [1945]." *Hoenig* v. *Lubetkin,* 137 Conn. 516, 525, 79 A.2d 278 (1951). Such is not the case here. There is no error.

In this opinion DALY and F. HENNESSY, Js., concurred.