64801. LEVY v. AIKEN.

McMURRAY, Presiding Judge.

This is an action for services rendered by a duly licensed attorney brought against the defendant, his former client, in connection with his employment to resolve her marital difficulties. The plaintiff sought judgment for the sum of $2,788.65 which he contends remains due, and which he styles as an account stated.

The defendant answered, admitting the employment but denied the claim and as an additional defense, added failure of consideration.

The case proceeded to trial before the court without the

intervention of a jury. Findings of fact were made that the duly licensed attorney had been retained by the defendant; services had been performed at an hourly rate of $75 which was well within the prevailing rate charged for such services in Atlanta, a fair and reasonable charge; a billing of $3,788.65 with a payment thereon of $1,000; and the plaintiff had expended 30 hours in rendering services to the defendant. The court then found that at $75 an hour for 30 hours a sum was owed of $2,250, plus expenses paid out and incurred of $272.40, or a total of $2,522.40, less the $1,000 leaving a balance due of $1,522.40. Judgment was rendered accordingly. Plaintiff appeals. *Held:*

Plaintiff's first contention of error is that the evidence established an account stated in the amount sought and under *Hilliard v. Canton Wholesale Co.,* 151 Ga. App. 184 (259 SE2d 182) and *Lawson v. Dixie Feed &c. Co.,* 112 Ga. App. 562, 563 (2) (145 SE2d 820), the amount was fixed and due in respect to the transaction, the same being conclusive upon the parties, citing also *Stone v. First Nat. Bank,* 117 Ga. App. 802 (162 SE2d 217), to the same effect. However, in the case sub judice the debtor defendant did not acquiesce in the correctness of the account, and the above cases are not controlling here. Further, the plaintiff relied on expert opinion testimony as to the value of the services rendered, and the trial court sitting as the trier of fact based its findings upon conflicting evidence as to the value of same, that is, the actual number of hours billed. Thus, the evidence was not unimpeached, undisputed and uncontradicted. There was no gross abuse of discretion on the part of the trial court in making its findings of fact and conclusions of law, and we will not disturb the judgment here. See *Hill v. Cockrell,* 141 Ga. App. 39 (232 SE2d 384); *West v. West,* 228 Ga. 397, 398 (185 SE2d 763); *Lester Colodny Const. Co. v. Allen,* 129 Ga. App. 545 (199 SE2d 917). Accordingly, the trial court did not err in rendering judgment in favor of the plaintiff for the amount set forth.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED DECEMBER 3, 1982 —
REHEARING DENIED DECEMBER 14, 1982.

*Daniel C. B. Levy,* pro se.
*Barry W. Bishop,* for appellee.