## 67682. CITY OF COLLEGE PARK v. GRUNDEN.

BANKE, Presiding Judge.

After the appellee was involved in an automobile accident in the City of College Park, a local wrecker service under contract with the city was summoned to tow away his vehicle. During the towing process, the vehicle sustained damage in excess of $500. The appellee subsequently brought this action against the City of College Park pursuant to 42 USCA § 1983, alleging a deprivation of his civil and constitutional rights. The trial court granted the city's motion for summary judgment but denied its subsequent motion for attorney fees. The city appeals the latter ruling. *Held*:

In an action under 42 USCA § 1983, the court in its discretion may award the prevailing party, other than the United States, reasonable attorney fees as part of the costs. See 42 USCA § 1988; *Logan v. Johnson*, 162 Ga. App. 777 (293 SE2d 47) (1982). However, when, as in the present case, the prevailing party is the defendant, attorney fees are recoverable only upon a showing that the plaintiff's action in filing the suit was unreasonable, frivolous, meritless, or vexatious. Carrion v. Yeshiva Univ., 535 F2d 722, 727 (2d Cir. 1976).

It is well established that the decision to award attorney fees is within the discretion of the trial court and will not be upset unless abused. Id. at 727. See also *Logan v. Johnson*, supra. However, we hold that under the undisputed facts of this case, the city was entitled to attorney fees as a matter of law. Municipalities and other local governing bodies can be held liable under § 1983 only where the al-

leged injury results from the execution of an official governmental policy or custom. Monell v. N. Y. City Dept. of Social Svc., 436 U. S. 658, 694 (98 SC 2018, 56 LE2d 611) (1978). Obviously, it was not the city's official policy or custom to cause towing damage to automobiles which had been involved in collisions. Furthermore, the appellant had a full and complete remedy against the towing company under simple tort principles. Indeed, the appellee was duly informed prior to filing this suit that the towing company was an independent contractor and that it was fully insured. Under no construction could the appellee have prevailed against the city in the § 1983 action, and we consequently hold that the trial court abused its discretion in denying the motion for imposition of attorney fees.

*Judgment reversed. Quillian, P. J., Birdsong, Carley, Sognier, and Pope, JJ., concur. Deen, P. J., and Benham, J., dissent. McMurray, C. J., concurs in the judgment of the dissent only.*

DECIDED JULY 12, 1984 —
REHEARING DENIED JULY 31, 1984 —

*Kirby A. Glaze, Steven M. Fincher*, for appellant.
*Ernest W. Wallhausen*, for appellee.

BENHAM, Judge, dissenting.

I respectfully dissent from the majority opinion, which overrules the trial judge and awards attorney fees to the prevailing defendant in a case filed under 42 USCA § 1983.

A brief recitation of the facts is necessary to fully appreciate the respective positions of the parties. On August 15, 1980, plaintiff's "specialty sports car" was damaged in an automobile accident in College Park, Georgia. Upon arriving on the scene, College Park police called the "city wrecker" and refused plaintiff's request to call a wrecker of his choice to prevent damage to his car. In transporting the car, Moody Wrecker Service ("city wrecker") allegedly damaged the "specialty sports car." Plaintiff brought an action against the City of College Park under 42 USCA § 1983, and when discovery was initiated it was determined that the Moody Wrecker Service was under contract to the city to provide wrecker service. The court granted the city's motion for summary judgment but denied the city's request for attorney fees. It is from that denial that the city appeals.

In *Logan v. Johnson*, 162 Ga. App. 777 (293 SE2d 47) (1982), Presiding Judge Shulman stated that "[i]n any action to enforce 42 USCA § 1983, 'the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.' 42 USCA § 1988. The provisions of this section are applicable to state courts and the trial judge had discretion to award

attorney fees. [Cit.]" The issue before this court is whether the trial court abused its discretion in not granting the city's request for attorney fees as a prevailing defendant.

To properly address the issue of awarding attorney fees to prevailing defendants, it is necessary to trace briefly the history of 42 USCA § 1983. Until 1978, 42 USCA § 1983 was inapplicable to municipalities because the word "person" was interpreted to exclude municipal corporations (Monroe v. Pape, 365 U. S. 167 (81 SC 473, 5 LE2d 492) (1961)), but in Monell v. N.Y. City Dept. of Social Svc., 436 U. S. 658 (98 SC 2018, 56 LE2d 611) (1978), the U. S. Supreme Court ruled that the word "person" in 42 USCA § 1983 included municipalities. The critical language of Monell, at 694, as it relates to the case sub judice is as follows: "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." This is the language upon which plaintiff based his suit, and the court below was correct in granting a summary judgment for the City of College Park.

For a number of years the courts were divided as to whether and under what circumstances attorney fees should be awarded to a prevailing defendant. That dispute was put to rest in Christiansburg Garment Co. v. Equal Employment Opportunity Comm., 434 U. S. 412 (98 SC 694, 54 LE2d 648) (1978), when the court set out specific criteria for awarding attorney fees to prevailing defendants. In that case, at p. 422, the court unequivocally established the rule in Title VII cases which are analogous to 42 USCA § 1988 cases because the history and developments of both laws are similar if not identical. "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense."

The trial court here heard the evidence and exercised its discretion in denying defendant's request for attorney fees, and its decision is even more prophetic in light of the cautionary language of Christiansburg Garment Co., at 421: "In applying these criteria [frivolity, unreasonableness and groundlessness], it is important that a district court [Court of Appeals] resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims . . . No matter how honest one's belief

that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial."

The area of civil rights is still virgin territory for the appellate courts of this State, and we should proceed with extreme caution in interpreting the civil rights statutes using federal guidelines. Since this is a matter of first impression in this court, the majority opinion may well have a "chilling effect" on civil rights actions and will pose a roadblock to the bringing of legitimate claims.

While I would have deemed the appeal frivolous had the plaintiff pursued the appeal, I cannot say as a matter of law that the bringing of the case was frivolous, groundless and unfounded, or that the trial court abused its discretion in refusing to award attorney fees. For that reason I would affirm the trial court.

I am authorized to state that Presiding Judge Deen joins in this dissent.