69590. ROAN v. CRANSTON.
(327 SE2d 856)

BENHAM, Judge.

Appellant, an attorney, sued appellee, her former client, in an effort to recover the balance of attorney fees allegedly owed as a result of appellant's having represented appellee in a divorce case. Appellee denied the debt and counterclaimed, alleging inadequate representation. After a bench trial on the issues, the trial court found for the appellant on the counterclaim and for the appellee on the main claim. Appellant is seeking a reversal of the judgment against her. We affirm.

1. Appellant contends that there was no evidentiary support for the trial court's rejection of her claim for $1,177.78 in fees and expenses. The record shows that the parties entered into a written agreement in which appellee retained appellant to represent her in the divorce action filed against her, and in which appellee would be responsible for paying "fees for attorney services" at the rate of $60 per hour plus expenses. The contract did not specifically define what attorney services were to be included, nor did it set a maximum ceiling for such charges, and there had been no subsequent discussion between the parties regarding those matters. The contract also stated that appellee had the right to terminate the agreement and that appellee would be responsible for paying "all accrued charges for the services performed and expenses incurred through the date of termi-

nation." The phrase "date of termination" was not defined.

Appellee paid appellant $1,000 during the course of the representation before the temporary hearing; on the day of the hearing, appellant sought an additional payment from appellee and she refused. On December 9, 1983, several days after the hearing, appellant received a letter from appellee notifying her that her services were no longer wanted, and requesting that her file and personal papers be returned. Appellee retained new counsel who notified the court of her representation on December 15, 1983. Appellant secured the court's permission to withdraw as appellee's counsel on January 27, 1984, and billed appellee for services rendered through February 14, 1984. The number of hours claimed by appellant included those billings. There was conflicting and ambiguous testimony by the parties as to the number of hours appellant spent specifically preparing appellee for the temporary hearing, the outcome of which displeased appellee. There was also testimony indicating that appellant's records of time spent on the case may not have been complete and accurate.

Applying the "any evidence" standard of review, we will not disturb the trial court's conclusions that the contract was ambiguous as to what would be chargeable to appellee and so she was not bound by it; that the number of hours spent was disputed; and that appellee had paid all that she was required to pay appellant. *Levy v. Aiken*, 164 Ga. App. 750 (298 SE2d 305) (1982); *Hill v. Cockrell*, 141 Ga. App. 39 (232 SE2d 384) (1977).

Appellant cites *Allen v. Brooke*, 25 Ga. App. 122 (2) (102 SE 832) (1919), for the proposition that an agreement to perform legal services need not state specifically what those services are. *Allen* is distinguishable from the case at bar inasmuch as the contract in *Allen* provided for the attorney to receive a flat fee for the services to be rendered, as opposed to an hourly rate for an infinite number of hours and unspecified activities.

2. In light of our resolution of the case in Division 1 of this opinion, the trial court did not err in ordering that the lis pendens filed against appellee be canceled and shown satisfied, and that appellee's file be returned to her. OCGA §§ 44-14-612; 15-19-14.

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED MARCH 8, 1985.

*J. Wayne Pierce, Henry E. Scrudder, Jr.*, for appellant.
*Tony L. Axam, Audrey L. Polk, Robert Altman*, for appellee.