73512. FLEETWOOD MOTOR HOMES OF PENNSYLVANIA, INC. v. McGEHEE.
(355 SE2d 73)

POPE, Judge.
Appellee Charles McGehee is an 80-year-old graduate of Harvard University who retired from a successful business career approximately 8 years ago. In June 1982 he purchased a new 1981 Fleetwood Motor Home for $26,935. After many problems with the vehicle, and following many attempts to correct these problems, appellee filed suit against appellant Fleetwood Motor Homes of Pennsylvania, Inc. (the manufacturer), Tall Paul's Camper and Awning (the dealer) and General Motors Corporation (the manufacturer of the engine and chassis), alleging breach of warranties and fraud and seeking compensatory and punitive damages and attorney fees. The jury returned a verdict

for appellee only on his breach of warranty count against appellant Fleetwood and awarded him $1,500. Appellee then filed a motion to amend the verdict, seeking $15,186.07 in attorney fees and costs under the Magnuson-Moss Warranty — Federal Trade Commission Improvement Act, 15 USCA § 2301 et seq. The sole issue raised on appeal is whether the trial court erred in awarding appellee $15,000 in attorney fees pursuant to 15 USCA § 2310 (d) (2). We affirm.

1. Appellant argues first that the trial court abused its discretion because the amount of attorney fees awarded was excessive when compared to the actual warranty damages proved and when compared to the actual recovery. Conceding that it can find no cases under the Magnuson-Moss Act in which the appellate tribunal either reduced or increased the trial court's award of attorney fees,. appellant nevertheless would have this court adopt what can best be described as a proportionality formula, which would require the trial court to use the result or success of the litigation, as measured by the amount of damages awarded, in determining attorney fees under § 2310 (d) (2).

15 USCA § 2310 (d) (2) provides as follows: "If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including [attorney] fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorney fees would be inappropriate." "[This] provision makes four points clear. First, the use of the permissive language 'may' instead of the mandatory language 'shall' connotes a clear option of the court to allow or not to allow the recovery of costs whether they be [attorney] fees or otherwise. [Cit.] Second, if the court allows [attorney] fees, such fees may be based on actual time expended. Thus, if the court elects to do so, it may totally exclude otherwise relevant considerations and base its fee calculation solely on the time expended, a procedure which presumably would not otherwise be permissible absent the specific language contained in this statute. Third, whatever method of calculation is used, the costs must be 'reasonably incurred.' Finally, the use of the mandatory language 'shall' in the last phrase of the provision connotes that a determination *must* be made that an award of [attorney] fees is or is not appropriate. The plain meaning of the language 'in its discretion' contained in this phrase, when read together with the other language of the subsection, permits the court to exercise its judgment (1) to award no [attorney] fees, or (2) to award [attorney] fees based on time only, or (3) to award [attorney] fees pursuant to its discretion." (Indentions omitted.) *Hanks v. Pandolfo*, 450 A2d 1167, 1169-70 (Conn. Super. Ct. 1982).

In *Drouin v. Fleetwood Enterprises*, 163 Cal.App.3d 486 (209 Cal.Rptr. 623) (1985), the defendant also argued that the amount of attorney fees awarded was excessive when compared to plaintiff's recovery. The court disagreed and held that "[t]itle 15 United States Code section 2310 (d) (2), clearly provides that [attorney] fees be calculated upon 'actual time expended.' The Senate Report concerning this language makes its purpose clear: 'It should be noted that an attorney's fee is to be based upon actual time expended rather than being tied to any percentage of the recovery. This requirement is designed to make the pursuit of consumer rights involving inexpensive consumer products economically feasible.' (Sen. Rep. No. 93-151, 1st Sess. (1973) pp. 23-24.) We believe this rationale applies with equal force to purchases of products which may not be 'inexpensive.' " *Drouin*, supra at 493.

" 'A court has few duties of a more delicate nature than that of fixing counsel fees. The degree of delicacy increases when the matter becomes one of review on appeal. The principle of law, which is easy to state but difficult at times to apply, is that only in the case of clear abuse of discretion by the trier may we interfere.' [Cits.]" *Hanks*, supra at 1170; see also *Levy v. Aiken*, 164 Ga. App. 750 (298 SE2d 305) (1982); see generally *Cohutta Mills v. Bunch*, 166 Ga. App. 395 (2) (304 SE2d 431) (1983).

Both of plaintiff's attorneys in the case sub judice testified concerning the amount of time expended and expenses incurred in preparing this case for trial. The total dollar amount, excluding one and one-half days of trial time for Mr. Henson and three days of trial time for Mr. Harris, derived from this testimony was in excess of $15,000. We find, therefore, that the trial court did not abuse its discretion in awarding attorney fees in favor of plaintiff for the amount set forth. Cf. *City of College Park v. Grunden*, 171 Ga. App. 814 (321 SE2d 371) (1984); see generally *Georgia-Car. Brick &c. Co. v. Brown*, 153 Ga. App. 747 (266 SE2d 531) (1980).

2. We have examined appellant's remaining enumeration and find it also to be without merit. The record shows that the trial court initially charged the jury on the issue of attorney fees under both OCGA § 13-6-11 and 15 USCA § 2310 (d) (2). Following objections by and discussions with various trial counsel, and upon request by the jury for clarification on the issue of attorney fees, the trial court recharged the jury and omitted any reference to § 2310 (d) (2). Nevertheless, appellant now argues that the trial court was precluded from deciding the issue of attorney fees under the Magnuson-Moss Act because it had submitted that issue to the jury for its consideration and the jury had refused to award any attorney fees under either the federal or state statute.

We note first that appellant apparently recognizes that any argu-

ment that there is a relationship between the award of "bad faith" attorney fees under OCGA § 13-6-11 and the award of attorney fees under 15 USCA § 2310 (d) (2) is clearly specious. Moreover, we are not persuaded, as appellant apparently is, that the jury did in fact consider and reject an award of attorney fees under § 2310 (d) (2), nor are we persuaded that the charge as a whole precluded the trial court from considering attorney fees under the Magnuson-Moss Act. The decision to award or not to award attorney fees under the act, being placed solely in the discretion of the trial court, clearly was not a matter for the jury's consideration. Since appellant has cited no authority to the contrary in support of this enumeration, we affirm. See *Morrison v. Dept. of Transp.*, 166 Ga. App. 144 (4) (303 SE2d 501) (1983).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 25, 1987 —
REHEARING DENIED MARCH 13, 1987 —

*Thomas C. James III*, for appellant.
*Kenneth M. Henson, Jr., William C. Harris*, for appellee.