WINROD, APPELLANT, ET AL., *v.* FORD MOTOR COMPANY ET AL., APPELLEES.

(No. 88AP-453—Decided September 29, 1988.)

*John W. Leibold,* for appellant.

*Porter, Wright, Morris & Arthur* and *Kenneth S. Blumenthal,* for appellee Ford Motor Company.

*Carlile, Patchen, Murphy & Allison, Alan F. Berliner* and *James R. Moats,* for appellee Ohio State Bank.

*Dominic J. Chieffo,* for appellee Graham Ford, Inc.

STRAUSBAUGH, J. This is an appeal by plaintiff Debra J. Winrod from a judgment of the court of common pleas granting plaintiffs' request for rescission of the purchase contract for an automobile and cancellation of the accompanying promissory note. The only issue which plaintiff now appeals is the amount awarded by the court as fees, costs and expenses.

The facts in this case are undisputed. On February 3, 1985, plaintiff Debra Winrod ("plaintiff") purchased a new Ford Escort from defendants Ford Motor Company and Graham Ford, Inc. for $7,367.37, which after the down payment was made left $6,850, which was financed through Ohio State Bank. Due to numerous problems which plaintiff incurred with the automobile, she consulted attorney John W. Leibold in order to seek a remedy. Attorney Leibold then contacted defendants by letter revoking acceptance of the automobile and seeking cancellation of the note, which the defendants refused. Appeal was then taken to the Ford Consumer Appeal Board, an administrative review board offered by Ford Motor Company. The requested relief was not granted and plaintiff thereupon filed an action in the Franklin County Court of Common Pleas. The litigation continued to a jury trial which lasted four days and resulted in a favorable verdict for plaintiff.

Thereupon, the trial court held a hearing to review plaintiff's requested fee petition. In her petition, plaintiff sought reimbursement for 146.40 hours of attorney time, 115.75 hours of secretarial/legal assistant time, 27.5 hours of law clerk time, incidental expenses paid by counsel of $529.27 and other expenses amounting to $1,428.22. Thus, the fee petition requested fees in the sum of $20,923.74. Thereafter, plaintiff filed a supplemental fee petition for an additional $2,391.15 for the time spent preparing for the hearing on the fee petition and securing counsel to present the fee petition. The supplemental fee petition amount resulted from 10.8 hours of attorney time, 8.75 hours of secretarial/legal assistant time, 5 hours of law clerk time, $134.90 in miscellaneous expenses and $770 for another attorney to present the fee petition to the trial court. Finally, $1,200 was requested to be calculated with the prior amounts for testimony given by plaintiff's expert on the calculation of fees and quality of work rendered. While plaintiff claims the total amount requested to be $24,655.14, there appears to be a discrepancy in this total. Adding together the fee petition, supplemental fee petition and cost for the expert witness, a more accurate total of these figures appears to be $24,514.89.

The trial court entered its decision on April 18, 1988, granting only $3,800 for costs and expenses of the amount requested by plaintiff.

On appeal, plaintiff asserts one error for our review:

"Where an automobile lemon law case is pleaded, tried and submitted to the jury on *Magnuson-Moss* (15 U.S.C., Section 2310, *et seq.*), claims for relief, where the jury verdict and judgment thereon grants such relief, where thereafter the court hears and considers plaintiffs' petition for fees and expenses which seeks $23,314.89, all based upon actual expenses and attorney time expended, the court erred

to the prejudice of appellants in allowing only $3,800.00 for fees and expenses, where such allowance has no relationship to attorney time expended by plaintiffs' attorney."

Plaintiff points out that until Ohio enacted R.C. 1345.71 to 1345.77, effective October 22, 1987 (see 142 Ohio Laws, Part II, 3009), the remedies available to consumers who had purchased defective automobiles were authorized pursuant to the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act. Under the Magnuson-Moss Warranty Act, attorney fees should be awarded based on actual time expended in representing the consumer-client. The purpose for awarding actual fees in such cases is twofold: first, to encourage attorneys to represent consumers who purchase inexpensive automobiles and are not likely to be able to afford the cost of litigation involving defective automobiles; and second, to require manufacturers of defective automobiles to bear the costs for failing to abide by the warranty agreements into which they enter. Thus, it is plaintiff's contention that the trial court disregarded the drafters' intent in enacting the Magnuson-Moss Warranty Act in awarding only $3,800 in lieu of the amount requested by plaintiff which represented those attorney fees based on actual time expended in preparing for and litigating the present case.

Plaintiff argues that the amount awarded by the trial court was improper and in effect emasculates the intended purpose of encouraging consumers to seek redress when the recovery amount is nominal. We disagree.

The Magnuson-Moss Warranty Act provides in pertinent part:

"If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he *may* be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses *(including attorneys' fees based on actual time expended)* determined by the court to have been *reasonably incurred* by the plaintiff for or in connection with the commencement and prosecution of such action, *unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.*" (Emphasis added.) Section 2310(d)(2), Title 15, U.S. Code.

While this portion of the statute has received relatively little attention, it is clear that the interpretation posited by plaintiff that the language "including attorneys' fees based on actual time expended" requires the trial court to award fees in the amount requested is untenable.

The statute makes clear that the intent of the drafters was to award reasonable attorney fees. In plaintiff's brief, she cites the Senate Report (Commerce Committee) on S. 356, 93rd Congress, First Session, Report No. 93-151, at 7-8:

"* * * [T]here is a need to insure warrantor performance by monitarily [*sic*] penalizing the warrantor for nonperformance—and awarding that penalty to the consumer as compensation for his loss. One way to effectively meet this need is by providing for *reasonable attorneys fees and court costs* to successful consumer litigants, thus making consumer resort to the courts feasible. It is hoped that by making court actions feasible, suppliers will be encouraged to develop workable informal dispute settlement procedures for the expeditious settlement of consumer complaints." (Emphasis added.)

Plaintiff directs our attention to this report for the purpose of indicating the intent to shift the consumer costs of litigation to the warrantor; however, it is equally clear that the intent of the drafters was to allow for *reasonable* attorney fees.

In *Hanks* v. *Pandolfo* (1982), 38 Conn. Supp. 447, 450 A. 2d 1167, the Superior Court of Connecticut discussed the discretion with which the trial court is vested under the Magnuson-Moss Warranty Act when granting attorney fees. In reviewing the language of the statute the court held:

"The provision makes four points clear. First, the use of the permissive language 'may' instead of the mandatory language 'shall' connotes a clear option of the court to allow or not to allow the recovery of costs whether they be attorney's fees or otherwise. *Morris* v. *Timenterial, Inc.*, 168 Conn. 41, 43, 357 A. 2d 507 (1975).

"Second, if the court allows attorney's fees, such fees may be based on actual time expended. Thus, if the court elects to do so, it may totally exclude otherwise relevant considerations and base its fee calculation solely on the time expended, a procedure which presumably would not otherwise be permissible absent the specific language contained in this statute.

"Third, whatever method of calculation is used, the costs must be 'reasonably incurred.'

"Finally, the use of the mandatory language 'shall' in the last phrase of the provision connotes that a determination *must* be made that an award of attorney's fees is or is not appropriate. The plain meaning of the language 'in its discretion' contained in this phrase, when read together with the other language of the subsection, permits the court to exercise its judgment (1) to award no attorney's fees, or (2) to award attorney's fees based on time only, or (3) to award attorney's fees pursuant to its discretion. * * *" (Emphasis *sic.*) *Id.* at 450-451, 450 A. 2d at 1169-1170.

We thus conclude that under the Magnuson-Moss Warranty Act, attorney fees are to be encouraged but are also to be left to the sound discretion of the trial court. On appeal, this court will review the trial court's decision with respect to the awarding of such fees as to whether there has been a clear abuse of discretion by the trial court. Several factors should be taken into account to determine the reasonableness of attorney fees and one important factor is the result achieved at trial. Certainly the fee requested should relate to the amount recovered in the principal action. Cf. *Wing Leasing, Inc.* v. *M & B Aviation, Inc.* (1988), 44 Ohio App. 3d 178, 542 N.E. 2d 671.

In the present case, there was no monetary award in plaintiff's principal cause of action. The trial court granted rescission of the purchase contract for a $7,367.37 automobile and cancellation of the underlying promissory note of $10,080.17. In addition, the trial court required the plaintiffs to pay the defendants $1,175 to offset their use of the automobile. The verdict rendered by the trial court with respect to plaintiff's warranty action cannot be interpreted to allow for reasonable attorney fees in an amount in excess of $23,000 as requested by plaintiff. We find the trial court did not abuse its discretion in awarding plaintiff attorney fees in the amount of $3,800.

We add that our opinion herein does not in any way reflect adversely upon the ability, integrity or endeavor of plaintiff's attorney.

Therefore, plaintiff's assignment of error is not well-taken and is overruled. The judgment of the common pleas court is affirmed.

*Judgment affirmed.*

REILLY and BOWMAN, JJ., concur.