230 N.J. Super. 555 (1989)
553 A.2d 1380
GENERAL MOTORS ACCEPTANCE CORPORATION, PLAINTIFF,
v.
STANLEY JANKOWITZ, DEFENDANT, THIRD PARTY PLAINTIFF-APPELLANT,
v.
GENERAL MOTORS CORPORATION, THIRD PARTY DEFENDANT, AND POTAMKIN CADILLAC CORPORATION, THIRD PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 31, 1988.
Decided February 6, 1989.
*556 Before Judges PETRELLA, GRUCCIO and LANDAU.
Petronko, Smith & Fenmore, attorneys for appellant (Arthur T. Smith, Jr. on the brief).
Joseph E. Zavesky, attorney for respondent.
The opinion of the court was delivered by LANDAU, J.A.D.
This case concerns the standards to be applied in setting counsel fees in a Magnuson-Moss consumer action.[1] In January *557 1983, General Motors Acceptance Corporation (GMAC) sued Stanley Jankowitz for alleged breach of a retail installment contract respecting his purchase of a 1982 Cadillac Coupe De Ville from respondent Potamkin Cadillac Corporation (Potamkin).
Jankowitz answered, counterclaimed, and filed third-party complaints against General Motors Corporation and Potamkin. He asserted claims by reason of substantial defects in the Cadillac which remained unremedied despite extensive unsuccessful attempts at correction. There was a reasonable amount of pretrial motion and discovery activity. Two years after suit began, Jankowitz's present attorneys were substituted into the case.
The unhappy tale of this ill-starred Cadillac is set forth at length in G.M.A.C. v. Jankowitz, 216 N.J. Super. 313 (App.Div. 1987), and need not be repeated. We there reversed and remanded judgments of involuntary dismissal against Jankowitz on his counterclaim and third-party complaint. GMAC's money judgment for deficiencies, interest and counsel fees was also reversed.
On remand, Jankowitz prevailed in a trial limited to the issue of liability. Thereafter, based upon briefs, affidavits of legal services and oral argument, the trial judge entered judgment in favor of Jankowitz and against GMAC in the amount of $1,502.20 for damages and prejudgment interest, and against Potamkin in an aggregate amount of $4,405.73. Jankowitz was also awarded counsel fees against Potamkin in the amount of $3,500, inclusive of services rendered by his present attorneys before and during both trials, as well as on the successful appeal. An application to permit Jankowitz to present additional affidavits covering the legal services rendered prior to the substitution of his present attorneys was denied.
On appeal Jankowitz says that the trial judge erred in limiting the award of counsel fees to $3,500.
*558 The affidavit of services provided by Smith and Fenmore, Esquires, reliably detailed 85 hours of services rendered in connection with the first trial, 28 1/2 hours of time for preparation of Notice of Appeal and appellate brief in the first appeal, and 52 1/2 hours of time in connection with the second trial.
According to the supporting affidavit, the billings did not include travel, correspondence or telephone conference time. Hours were billed at the rate of $100 for 113 1/2 hours, and at $110 for the 52 1/2 hours engendered by the second trial. The affidavit requested an order for counsel fees and documented costs in the total sum of $18,868.92.
Jankowitz's authority for requesting attorneys' fees was set forth in our prior opinion:
Since an action for breach of an implied or expressed warranty under the UCC is a cause of action under the Magnuson-Moss Warranty Act, 15 U.S.C.A., 2304(e), attorneys fees may be collected for UCC warranty actions in a state court. 15 U.S.C.A. § 2310(d)(1), (2). [G.M.A.C. v. Jankowitz, 216 N.J. Super. 313, 331 (App.Div. 1987) (footnote omitted)].
We there also observed that the New Jersey "Lemon Law," N.J.S.A. 56:12-19, et seq., did not become effective until after the date of sale in this case. Id. at 331 n. 2.
The trial judge ruled that Jankowitz was entitled to counsel fees to the extent they reflect the value of the sum in issue. He stated, "You can't go out and buy a mirror for $150 and find out it's defective and run up $5,000 worth of attorneys fees.... [I]t's not intended under the statute." Although he accepted the accuracy of the time set forth in the affidavits, the trial judge held, "reasonable attorneys fees have to be consistent with the amount of money in dispute."
The problems presented to aggrieved consumers and their counsel by this approach are illustrated by the following colloquy between Jankowitz's attorney and the trial judge at the hearing on damages:
"MR. SMITH: ... [W]hen we take on a case, where do we stop? Where do I say the counsel fees are three thousand dollars so that I can't do any more?

*559 THE COURT: You stop when it's gone beyond the limit of the case ... That's where it ends."
Is it correct as a matter of law that a consumer who has been sued by his finance company and who has valid Magnuson-Moss complaints against the dealer and manufacturer, cannot recover counsel fees which exceed the dollar amount of his economic injury? Potamkin asserts that this appeal projects only one issue; whether the trial court abused its discretion by imposing that ceiling upon Jankowitz's recovery of legal fees, notwithstanding the actual time expended. We agree that Jankowitz here has the burden of demonstrating that there was a clear abuse of the discretion afforded to the trial judge by R. 4:42-9(a)(8) and 15 U.S.C.A. § 2310(d)(2).
R. 4:42-9(a)(8) permits counsel fees to be awarded "in all cases where counsel fees are permitted by statute." Under the Magnuson-Moss Act, 15 U.S.C.A. § 2310(d)(2):
If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.
The quoted language makes the grant of attorneys' fees discretionary and requires a determination by the court that they have been reasonably incurred. It also gives the court discretion to determine that an award of attorneys' fees would be inappropriate.
R. 4:42-9(b) provides that:
[A]ll applications for the allowance of fees shall be supported by an affidavit stating in detail the nature of the services rendered, the amount of time actually expended and a good faith estimate of time to be expended, the amount of the estate or fund, if any, the responsibility assumed, the results obtained, the amount of time spent by the attorney, any particular novelty or difficulty, the time spent and services rendered by paraprofessionals, other factors pertinent *560 in the evaluation of the services rendered, and the amount of the allowance applied for, and an itemization of disbursements for which reimbursement is sought.
It is significant that 15 U.S.C.A. § 2310(d)(2) specifically uses the words, "including attorneys' fees based on actual time expended." The reason for this phrase has been explained in a 1973 Senate Report: "It should be noted that an attorney's fee is to be based upon actual time expended rather than being tied to any percentage of the recovery. This requirement is designed to make the pursuit of consumer rights involving inexpensive consumer products economically feasible." Sen.Rep. No. 93-151, 1st Sess. (1973), pp. 23-24. The legislative history has been cited and relied upon by several appellate courts. E.g., Drouin v. Fleetwood Enterprises, 163 Cal. App.3d 486, 209 Cal. Rptr. 623 (Cal.Ct.App. 1985); Fleetwood Motor Homes of Pa. v. McGehee, 182 Ga. App. 151, 355 S.E.2d 73 (Ga.Ct.App. 1987).
In Fleetwood, Drouin, and Universal Motors v. Waldock, 719 P.2d 254 (Alaska 1986), allowance of Magnuson-Moss attorneys' fees based on actual time expended, which far exceeded the amount of economic recovery, was held not an abuse of discretion. Drouin, 163 Cal. App.3d 486, 209 Cal. Rptr. 623 (Cal.Ct.App. 1985); Fleetwood, 182 Ga. App. 151, 355 S.E.2d 73 (Ga.Ct.App. 1987); Universal, 719 P.2d at 259-260. Potamkin argues that those cases were incorrectly decided, and urges that we should adopt instead the holding in Hanks v. Pandolfo, 38 Conn. Supp. 447, 450 A.2d 1167 (Conn.Super.Ct. 1980) that a court may reasonably consider in its fee allowances both the nature of the litigation and the amounts involved therein. Potamkin also reminds us of the opinion in Helton v. Prudential Property & Cas. Ins. Co., 205 N.J. Super. 196 (App.Div. 1985) where we upheld as a reasonable exercise of discretion the limitation of counsel fees in an insurance case to the approximate amount of PIP benefits recovered, despite documented *561 counsel fee requests far in excess of the amount of those benefits.
We see no necessary inconsistency in these cases. A trial judge is not slavishly bound under Magnuson-Moss to award attorneys' fees, nor to recompense parties automatically on the basis of actual hours expended. However, in Ventura v. Ford Motor Corp., 173 N.J. Super. 501 (Ch. Div. 1980), aff'd 180 N.J. Super. 45 (App.Div. 1981), New Jersey courts have recognized that the "actual time expended" language of the Magnuson-Moss Warranty Act was indicative of a legislative intent to encourage consumer actions for breach of warranty of products by providing adequate attorneys' awards to prevailing parties. We held in Ventura, that, even in the presence of minimal damages, attorneys' fees based upon time expended would be appropriate, subject to the court's satisfaction that all of the hours were justifiably expended and that appropriate efforts were made to limit the time of trial. Ventura, 180 N.J. Super. at 67. Judge Furman, the trial judge in Ventura, awarded attorneys' fees based upon actual hours expended, in amounts which took into account the difficulty of the litigation, the quality of plaintiff's attorneys' work and his experience in similar litigation. Ventura, 173 N.J. Super. at 505. We affirmed, saying "no one can be faulted for the difficulty and time consumed in this litigation." Ventura, 180 N.J. Super. at 67. Here, as in Ventura, and as recognized in our prior opinion in this case, Jankowitz properly sought and received relief under Magnuson-Moss, as well as under the Uniform Commercial Code. Jankowitz, 216 N.J. Super. at 333-334; 15 U.S.C.A. § 2304(a)(4); N.J.S.A. 12A:2-711(1). He was thus entitled to apply for allowance of attorneys' fees. 15 U.S.C.A. § 2310(d)(1).
We hold that in exercising discretion under R. 4:42-9(a)(8) to award attorneys' fees permitted under 15 U.S.C.A. *562 § 2310(d)(2), a New Jersey court should not limit flatly those fees to a maximum dictated only by the dollar amount of recovery.[2] Each case must be separately considered in the appropriate exercise of discretion. As suggested by R. 4:42-9(b), the nature of the services rendered, the amount of time actually expended, the amounts involved, the responsibility assumed, the results obtained, the novelty or difficulty of the issues, and other relevant factors should enter into the court's evaluation of reasonableness. Moreover, the allowance must be made with a view to fulfilling the important consumer policy of the Magnuson-Moss Warranty Act as recognized in its legislative history and by this court in Ventura. In other words, the amount of recovery may be a factor to be considered, but it is an abuse of discretion to make it determinative without giving full consideration to the policy of the statute as interpreted, to its specific reference to actual time expended, and to the other factors made relevant by R. 4:42-9(b). The limitation employed by the trial judge in this case would give an unfair advantage to deep-pocketed defendants, making it possible to thwart consumer litigants in all but major cases by causing litigants' costs to exceed the amounts claimed.
We remand this matter for reconsideration of the amount of counsel fees, consistent with the standards above set forth. As the remand will necessitate a new hearing and amplified submissions by the parties, opportunity should be afforded to consider the services rendered by Jankowitz's first attorneys, to the extent not duplicative, as well as fees engendered by this appeal. Potamkin should not be precluded from arguing that some of the "actual time expended" was unnecessarily self-inflicted.
NOTES
[1] Magnuson-Moss Warranty  Federal Trade Commission Improvement Act, 15 U.S.C.A. § 2301, et seq.
[2] This approach and the courtroom colloquy quoted above unhappily brings to mind the well-known cartoon in which a lawyer is depicted as asking his prospective client, "How much justice can you afford?"