JOURNAL ENTRY and OPINION
{¶ 1} The sole issue in this appeal is whether the court abused its discretion by denying attorney fees to a successful plaintiff in a Magnuson-Moss car warranty case. Plaintiff Brian Gallo brought suit against defendant American Isuzu Motors after Isuzu failed to repair the vehicle to his satisfaction. Although a jury rejected some of his claims, it did award Gallo $1,000 for a breach of an implied warranty. Gallo then filed a motion for attorney fees. A visiting judge ruled on the motion and denied it without opinion. Gallo appeals from that ruling.
 {¶ 2} Gallo is correct when he points out that, while purely discretionary under Magnuson-Moss, attorney fees are favored as a means of promoting resort to the act; that is, attorney fees are used as the incentive for litigants to bring suit, or more to the point, as an incentive to take the cases. See Windrod v. Ford Motor Company (1988),53 Ohio App.3d 94, 96.
 {¶ 3} Nevertheless, an award of attorney fees under Magnuson-Moss is discretionary and we see nothing in this record to show that the court acted arbitrarily, unconscionably or unreasonably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Gallo makes out a good case in support of attorney fees, but we cannot substitute our discretion for that of the court. See Berk v. Matthews (1990), 53 Ohio St.3d 161, 170. As Isuzu points out, Gallo offered an expert who gave an opinion that Isuzu's breach of warranty had diminished the value of the vehicle by $5,000. Despite his own expert's findings, Gallo refused to settle for less than $9,000 plus attorney fees. The court could have looked at this information and concluded that Gallo's demand was unreasonable.
 {¶ 4} Moreover, the jury only awarded damages of $1,000. While Gallo is again correct in saying that an attorney fee award is not required to be proportionate to a damage award, see Luft v. Perry County Lumber Supply Co., Franklin App. No. 02AP-559, 2003-Ohio-2305, at ¶ 42, there is nothing about the denial of an attorney fee award here that sounds arbitrary. As Isuzu points out, the court could reasonably look at the settlement discussions as indicating bad faith, and base its decision on that fact alone.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., Concurs.
 Gallagher, P.J., dissents with separate opinion.
 DISSENTING OPINION