{¶ 5} I respectfully dissent from the majority's opinion, as I believe the trial court abused its discretion by failing to set forth the factors it considered in denying the motion for attorney fees.
 {¶ 6} I agree with the majority that an award of attorney fees is discretionary and that a trial court is not required in all instances to state its reasons for the denial of fees. However, it is unclear what factors the court considered in finding an award of attorney fees to be improper. When a trial court finds attorney fees appropriate, that court must determine the amount of a "reasonable" fee to award. See Bittner v.Tri-County Toyota, Inc. (1991), 58 Ohio St.3d 143, 144-155; Winrod v.Ford Motor Company (1988), 53 Ohio App.3d 94, 97; 15 U.S.C. 2310(d)(2). Logic dictates that when denying a motion for attorney fees, the converse is also true and the trial court should be required to state its reasons on the record. Absent a basis for the fee determination, this court cannot conduct a meaningful review. See Bittner (1991), 58 Ohio St.3d 143,146.
 {¶ 7} Moreover, where facts related to the breach of implied warranty have been proven at trial, the trial court should provide some analysis for the denial of attorney fees; otherwise, an appeal of the denial is virtually impossible. No person could raise a viable claim for relief under such circumstances because no factors would exist to either apply the applicable case law or statutory authority.
 {¶ 8} Although I do not mandate findings and reasons in all instances, there are circumstances, such as here, where the only means to properly review the denial of attorney fees is with a complete understanding of the trial court's analysis. Accordingly, I find that the trial court abused its discretion when it failed to supply its reasoning behind the denial of attorney fees.
 {¶ 9} For the foregoing reasons, I would reverse the decision of the trial court.